BOHN MANUFACTURING COMPANY, RESPONDENT,
*v.* HARRISON, APPELLANT.

[Submitted October 31, 1892.    Decided September, 5, 1893.]

EVIDENCE—*Negotiable instruments.*—Parol evidence of an agreement that the acceptance of a bill of exchange should not be a waiver of counterclaims which the acceptor then held against the drawer is admissible in an action on the bill, as such evidence contradicts not the instrument, but merely the presumption of waiver which arises from the fact of its acceptance.

*Appeal from First Judicial District, Lewis and Clarke County.*

Action on bill of exchange. Demurrer to defendant's answer was sustained by BUCK, J., and judgment rendered for plaintiff. Reversed.

The other facts fully appear in the following statement by DE WITT, J.

The defendant appeals from a judgment rendered upon the sustaining of plaintiff's demurrer to the answer. The com-

plaint alleges that on November 27, 1889, defendant accepted a bill of exchange drawn by the plaintiff for $850, at thirty days from that date. The bill was not paid by defendant when due, and was duly protested. The demand for judgment is for the amount of the bill, $850, protest fees, and interest from December 30, 1889. The defendant set up in the answer three counterclaims, aggregating some $898. The nature of these counterclaims is the same, and the statement of one will present the principles involved in all. About May 1, 1889, the defendant and one Hall were partners in the building business. On August 5th defendant bought out his partner, and assumed the obligations, and took the rights and demands of the firm. This firm of Hall and Harrison had a contract with one Gates to erect a portion of a building in Helena. They contracted with plaintiff to furnish the millwork for said building for a given sum. The answer then sets up that plaintiff failed in performing said agreement, and gives in detail a large number of items which the plaintiff failed to furnish in accordance with its contract. The answer then alleges that defendant was obliged to purchase these articles, and pay for them certain prices, which are named, and which are alleged to be reasonable, and the total of which is $720. The defendant then alleges that he had a fully accrued claim of $720 against plaintiff before his acceptance of the bill of exchange sued upon, and which was unsettled at that time. The answer further alleges that said bill of exchange was drawn and accepted with the express understanding and agreement between the parties thereto that, when paid, it should operate as a payment on their general unsettled account; that before the bill of exchange was drawn or accepted defendant had notified plaintiff of its failure to perform its contract as aforesaid, and plaintiff had promised to compensate defendant for any and all failure to so perform its said contract; and that, relying on said promise, this defendant accepted said bill as alleged in the complaint. The other counterclaims, as above observed, are similar to this one.

The plaintiff moved to strike out from the answer that portion which pleaded that the bill of exchange was accepted with the agreement that it should be a payment on the unsettled

account, and that it was accepted by defendant, relying upon the promise of plaintiff to compensate defendant for the alleged failures in carrying out its contract. This motion was made upon the ground that this allegation was an attempt to set up a parol agreement to vary and contradict the terms of the written instrument; that is, the bill of exchange. This motion was directed at each of the counterclaims, and as to each was sustained by the court. The plaintiff demurred to the answer, as to each one of the three counterclaims, on the ground that they did not constitute a defense or counterclaim, for the reason "that when defendant executed and delivered to the plaintiff herein the bill of exchange which is the subject of this action, if he ever had any counterclaim or setoff to plaintiff's cause of action against him at that time, he (the defendant) waived the same in so executing and delivering said bill of exchange to this plaintiff." The demurrer was sustained, and, no further answer being filed, judgment was entered for plaintiff.

The position of appellant is, that it was competent to allege that when the bill of exchange was accepted, the parties agreed that it should be simply a payment on account, and not a settlement of the mutual and unsettled accounts between them or a waiver of defendant's alleged counterclaims, and that such evidence of such agreement did not vary the terms of a written instrument, to wit, the bill of exchange; and that, such allegations being competent, any presumption of waiver of the counterclaims, by virtue of the acceptance of the bill of exchange, is done away with, and the answer sets up counterclaims good as against the demurrer. Respondent's position is that the allegations stricken out could not be proved, for it was an offer to vary the terms of a written instrument by parol testimony, and without these allegations the acceptance of the bill of exchange waived the counterclaims.

*Leslie & Craven,* for Appellant.

I.   This is a suit, not between the acceptor and an innocent holder of a bill of exchange, but between the drawer and the acceptor. Before a party can be heard to urge estoppel or waiver, he must be misled by the conduct, act, or words, or

silence of another. Or, to express it otherwise, the act, or failure to act, the words, or failure to utter words, alleged to be a waiver or estoppel, must have misled or deceived the party urging the plea. It will not be contended that plaintiff was deceived, misled, or in any way misunderstood the transaction in question. (*Crossan* v. *May*, 68 Ind. 242; *Henry* v. *Gilliland*, 103 Ind. 177; *Burritt* v. *Dickson*, 8 Cal. 113.) The doctrine of estoppel proceeds wholly on the theory that the party to be estopped has, by his declaration or conduct, misled another to his prejudice, so that it would be a fraud upon him to allow the true state of facts to be proved. (*Martin* v. *Zellerbach*, 38 Cal. 300.) To constitute an estoppel *in pais*, there must be some act or admission, or neglect to act, on the part of the party estopped, upon which the other party has acted or relied, and in consequence thereof, and through the fault of the party estopped, has placed himself in some respect in a worse position than he otherwise would have been. (*Bowman* v. *Cudworth*, 31 Cal. 148; *Simpson* v. *Pearson*, 31 Ind. 1; 99 Am. Dec. 577; 1 Rapalje's Digest, 1290; see, also, *Wiggin* v. *Damrell*, 4 N. H. 69–75.)

II.   The principle of law referred to in plaintiff's second ground of motion, to wit, that the paragraph objected to is an attempt to vary the terms of a written contract by a parol agreement, is, of course, universally admitted, but certainly has no application to the case in hand; there is no such purpose intimated in the paragraph objected to, or in any part of the pleading. Upon the trial there will be no effort to vary, modify, or contradict the terms or substance of the paper sued on. Defendant certainly has the right to allege and prove that the bill of exchange was not given on settlement or liquidation of the accounts or transactions out of which the different counterclaims set up and charged arose, and for that purpose, if for no other, the parts of the counterclaims proposed to be stricken out should stand.

*F. N. & S. H. McIntire*, for Respondent.

It is well settled that where parties have mutual dealings, and settle them with negotiable paper, all the transactions are merged in the new contract, and it is a complete settlement.

If the acceptor of the bill has any claim or cause of action against the drawer for anything that occurred in their dealings prior to the acceptance, by such acceptance he waives his claim. (Randolph on Commercial Paper, § 1870; *Reid* v. *Field*, 83 Va. 26; *Leonard* v. *Hastings*, 9 Cal. 236; *Griffith* v. *Trabue*, 11 Heisk. 645; *Audleur* v. *Huffel*, 71 Ind. 546; *Stiles* v. *Brown*, 1 Gill, 350; *Orr* v. *Hopkins*, 3 N. Mex. 45; *Allen* v. *Bryson*, 67 Iowa, 591; 56 Am. Rep. 358; *Borchsenius* v. *Canutson*, 7 Ill. App. 365; *Dutcher* v. *Porter*, 63 Barb. 15.) But even if appellant did not waive his counterclaims, are the matters set up in his answer as counterclaims sufficient to make them such? They appear to be unliquidated demands. The original contract is not pleaded with any sufficient certainty to enable anyone to say to what extent there was a breach of the contract, or to what extent, if any, the defendant was damaged under his contract. Unliquidated damages are not proper subjects for counterclaims. (Sedgwick on Measure of Damages, 8th ed., § 1031; 3 Randolph on Commercial Paper, § 1849; *West* v. *Hayes*, 104 Ind. 251; Daniel on Negotiable Instruments, §§ 1423–25.) The acceptance, upon its face, appears to create an unconditional debt from appellant to respondent, and yet parol evidence is sought to be introduced or vary this written instrument. This is not proper. (Comp. Stats. Div. 1; § 628; *Fisher* v. *Briscoe*, 10 Mont. 125; Tiedeman on Commercial Paper, § 42; 4 Lawson's Rights, Remedies, and Practice, § 1476; 1 Daniel on Negotiable Instruments, § 80.)

DE WITT, J.—The first matter for consideration in this case is whether it was an offer to vary or contradict the terms of a written instrument, when the defendant pleaded in his answer that it was understood between plaintiff and defendant that the acceptance of the bill of exchange should not be a waiver of the counterclaims which defendant alleged he then held against the plaintiff. It is our opinion that the pleading of this matter was not an offer of parol testimony to vary the terms of a written instrument. It is not the terms of the written instrument that are sought to be varied or contradicted by this evidence. Instead of that, it is simply a presumption,

which, it is claimed by the plaintiff, arose from the fact of executing the instrument that is sought to be varied by this parol testimony. The defendant concedes the written instrument, in all its force. He concedes his liability upon it. The plaintiff contends that the execution of this instrument—that is, the acceptance of the bill of exchange—was a waiver of defendant's alleged counterclaims existing at that time. The written instrument itself does not, on its face, disclose such waiver, but the waiver, if any there were, is a result, or an inference, or a presumption from the fact of executing the instrument, and the fact of the existence of the counterclaims at the time of such execution. Now, this parol evidence is offered to overthrow nothing in the instrument itself, but simply to combat an inference or presumption drawn from the instrument and other facts. This presumption is not a written instrument, nor contained in the terms of a written instrument. Therefore to overthrow it is not varying the terms of the instrument. Let us fully concede, for the purpose of this decision, the position urged by respondent—that the acceptance of the draft, in itself, and unexplained, is a waiver of the counterclaims of the person accepting the draft. (See cases cited by respondent.) But whatever legal presumption might arise from the acceptance of the draft, it is only a presumption arising from the conduct of the parties, and disappears before the positive allegation, admitted by the demurrer to be true, that the parties intended that no such presumption should arise from said acts; that is, it is pleaded that the parties intended that the acceptance of the drafts should not be a waiver of the counterclaims. It was perfectly competent for them to entertain this intention between themselves at the time of drawing and accepting the draft, and there are no third parties, as innocent purchasers, now interested, who have been misled by the actions of the plaintiff and defendant in the case.

In the cases cited by the respondent in its brief, we find one of two situations: Either that the commercial paper in question was given expressly as a settlement of mutual accounts, and understood and agreed to be such settlement, or, as in the other cases, of which *Reid* v. *Field*, 83 Va. 26, is a good example, the case was that it was not pleaded, or undertaken to

be shown, that there was any understanding or intention be-tween the parties that the giving of the commercial paper should, expressly, not be a waiver of the counterclaim. There-fore, the authorities presented by respondent are not in point upon the proposition raised by these pleadings. *Fisher* v. *Briscoe,* 10 Mont. 133, also, is not in point. The parol agree-ment there attempted to be brought into the case was one to defeat the payment of the note at the time when it was sued upon. But, as shown above, the parol matter in this case was not a defense against the note, and was not offered in resistance of the payment of the note. It was simply an agreement and understanding that the parties did not intend that there should arise, from the fact of accepting the draft, a presumption of waiver of the counterclaims.

We are therefore of opinion that whatever presumption of waiver could be held to arise from an unexplained acceptance of the draft, such presumption did not here arise, because the acceptance is not here unexplained. On the other hand, the par-ties expressly agreed among themselves that that presumption should not arise, and that the fact which it presumed was not true. Of course, the treatment of this case is upon the ground that all the allegations of the answer are confessed as true upon the demurrer. It therefore appears to us that a defense was set up by the answer, and that the demurrer should not have been sustained. In the view that we take of the competency of the allegations discussed, the court erred in sustaining the motion to strike them out. As a consequence, if they had been left in the complaint, the counterclaims would have been well pleaded, showing, as they did, their existence and their nonwaiver. Consequently, if the motion to strike out had been denied, as we think it should have been, the demurrer should have been overruled.

The judgment is reversed and the case remanded to the dis-trict court, with directions to proceed in accordance with these views.

*Reversed.*

PEMBERTON, C. J., and HARWOOD, J., concur.