# McCaskey Register Co. *v*. Bennett.

*Assumpsit.*

(Decided December 17, 1912.  60 South. 541.)

1. *Appeal and Error; Review; Matters Not Shown.*—Where the record does not disclose that an affidavit denying the correctness of an open account was not filed in the justice court on the original trial, the plaintiff cannot claim error in permitting it to be filed in the circuit court on the grounds that it was not filed in the justice court.

2. *Contract; Assent; Fraud; Evidence.*—Where the action was on a written contract, and the defense was non est factum, it was competent for defendant to show that his signature to the alleged contract was procured by a statement by the other party that he wished the contract merely as a memorandum of the name of a prospective purchaser.

3. *Alteration of Instrument; Effect; Contract.*—Evidence that an alleged written contract was altered after it was signed, without the consent of the party signing, will support a plea of non est factum, interposed by such party when sued on the contract.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Assumpsit by the McCaskey Register Company, against M. H. Bennett. Judgment for defendant and plaintiff appeals. Affirmed.

THOMPSON & THOMPSON, for appellant. The court erred in allowing the affidavit to be filed in the circuit court.—Section 3970, Code 1907; *Bird v. Jones,* 84 Ala. 341. The court erred in allowing parol evidence as to what was said, or what agreement the parties had in mind when the contract was signed or prior thereto.— *Beard v. White,* 1 Ala. 436; *Garner v. Fite,* 93 Ala. 405; *Guice v. Thornton,* 76 Ala. 466; *Terry v. Mutual Life,* 116 Ala. 235.

J. B. AIRD, for appellee.　The appeal operated to annul and void the entire judgment of the justice of the peace, and it cannot be looked to either as evidence or estoppel.—*Orr v. Sparkman,* 120 Ala. 9; *L. & N. v. Lancaster,* 121 Ala. 473.　The statute only applies to open accounts.—*Connor v. Way,* 107 Ala. 300.　Where the execution of an instrument is denied by sworn plea, the burden is on the plaintiff.—*Guice v. Thornton,* 76 Ala. 463; *Mobile Co. v. Sands,* 127 Ala. 501; *Peevey v. Tapley,* 148 Ala. 322.　Where the alteration is so material as to render the instrument void, it may be shown under the plea of non est factum.—16 Enc. P. & P. 544; *Bellinger v. Anderson,* 87 Ala. 334; *Lesser v. Scholze,* 93 Ala. 339.

WALKER, P. J.—After judgment against it in the court of the justice of the peace, the appellant (the plaintiff below) by certiorari proceedings secured the removal of the case into the circuit court, and there filed a complaint containing four counts, one on an open account, one on stated account, and two on written contract.　Within five days from the date of the filing of this complaint, and before the trial of the case, the defendant was permitted to file an affidavit in conformity with the statute (Code, § 3970) denying the correctness of the account, and also a verified plea of non est factum as to the counts on written contract.　There is no merit in the suggestion that either of those papers was subject to objection on the ground that it was not filed in time.

Conceding that permission to file the affidavit might properly have been resisted because of a failure to file it with the justice of the peace, the record does not show that this ground of objection existed, as the bill of exceptions recites that "it does not appear that said affidavit was not filed or offered to be filed in the jus-

[McCaskey Register Co. v. Bennett.]

tice court." The plaintiff offered in evidence a paper, partly printed and partly written, which on its face purported to be the contract of the defendant. The printed part of that paper evidenced no contract at all. Only by its written parts was the subject-matter of a sale identified and a price to be paid named. The defendant admitted his signature to the paper, but claimed that the parts of it which were in writing were inserted without his consent and after he had signed his name.

It was permissible for him to prove that his signature was procured by the statement of the person with whom he was dealing that he wished it merely as a memorandum of the name of a prospective purchaser. The defendant's testimony tended to negative the conclusion that he authorized the insertion of the written parts of the paper.

It is plain that if the paper was, without his consent, so altered after it was signed, it was not the defendant's contract, and that the plea of non est factum was sustained.—*Montgomery v. Crossthwait*, 90 Ala. 553, 8 South. 498, 12 L. R. A. 149, 24 Am. St. Rep. 483; *Lesser c. Scholze*, 93 Ala. 339, 9 South. 273; 16 Encyc. of Pleading & Practice, 544. The evidence set out in the bill of exceptions is not such as to warrant us in disturbing the finding made by the trial court sitting without a jury.

Affirmed.