## McCAULL-DINSMORE CO., RESPONDENT, *v.* STEVENS, APPELLANT.

(No. 4,245.)

(Submitted, January 6, 1921. Decided February 21, 1921.)

[00 Pac. 000.]

Directed Verdict—Motion by Both Parties—Effect—When Rule Inapplicable.

1.   The rule that where both parties move for a directed verdict, each is bound by the court's ruling if there is any substantial evidence to support it, has no application where the motion granted was based upon a record different from the one upon which each of the motions was made.

Written Contracts—Varying Terms by Parol Testimony—Inapplicability of Rule.

2.   The rule excluding parol testimony to contradict or vary a written instrument does not forbid inquiry into the object the parties had in executing, delivering and receiving instruments made the basis of an action for breach of grain buying contracts, which defendant claimed were to be used merely as memoranda to complete plaintiff's office files and not to hold him personally liable for delivery of the grain.

Evidence—Motion to Strike in Effect Demurrer.

3.   A motion to strike is in effect a demurrer to the evidence, and admits as true every fact which the evidence sought to be stricken tends to prove.

*Appeals from District Court, Chouteau County; J. B. Leslie, Judge.*

ACTION by the McCaull-Dinsmore Company against Geo. H. Stevens. From a judgment for plaintiff and an order denying him a new trial, defendant appeals. Reversed.

*Mr. Park Smith* and *Mr. Henry C. Smith,* for Appellant, submitted an original and supplemental brief; *Mr. Henry C. Smith* argued the cause orally.

The alleged contracts sued upon are void; they are not subscribed by the plaintiff. The signatures of both parties to a

---

1. Effect of request by both parties for direction of verdict, see notes in 6 Ann. Cas. 545; 13 Ann. Cas. 372; Ann. Cas. 1913C, 1342.

2. Admissibility of parol evidence to show purported contract as sham contract, see note in 19 Ann. Cas. 1025.

Contract must be subscribed, otherwise the contract lacks mutuality and is void for want of consideration. (*Ryan* v. *Dunphy,* 4 Mont. 342, 1 Pac. 710; *Reid* v. *Alaska Packing Assn.,* 43 Or. 429, 73 Pac. 337; *Raiche* v. *Morrison,* 37 Mont. 244–247, 95 Pac. 1061; 20 Cyc. 269; *Wilkenson* v. *Heavenrich,* 58 Mich. 574, 55 Am. Rep. 708, 26 N. W. 139; *Drake* v. *Seaman,* 97 N. Y. 230.)

When a contract has been solemnly reduced to writing, the presumption is that it embodies and expresses the agreement of the parties, the meeting of minds. But this presumption may always be overcome by showing that in fact there was no such contract between the parties. We submit that the evidence introduced by the defendant and stricken out raised a question of fact that should have been submitted to the jury. It is our contention that all of the evidence introduced by the defendant was admissible under the original answer in the case, which was simply a general denial (*Hellmuth* v. *Benoist,* 144 Mo. App. 695, 129 S. W. 257, 258; *Wilkerson* v. *Farnham,* 82 Mo. 672), but however that may be, the amended answer makes a direct assault on the written memoranda. The defendant alleges, in effect, that these memoranda are not contracts at all. (*Hennessy* v. *Kennedy Co.,* 30 Mont. 266, 76 Pac. 291; *Bohn Mfg. Co.* v. *Harrison,* 13 Mont. 293, 34 Pac. 313; *Hawkins* v. *Borland,* 14 Cal. 414; *Kelly* v. *Ellis,* 39 Mont. 597, 104 Pac. 873; *Acme Food Co.* v. *Older,* 64 W. Va. 255, 61 S. E. 235; *Rice* v. *Rice,* 101 Kan. 20, 165 Pac. 799.) No statute is, or ever was, necessary, in order to permit the proof introduced by the defendant Stevens. It was admissible under the common law. A question of fact was raised that should have been submitted to the jury for decision. (*Lafitte* v. *Shawcross,* 12 Fed. 519; *Bartholomew* v. *Fell,* 92 Kan. 64, 139 Pac. 1016; *Webster* v. *Smith,* 72 Vt. 12, 47 Atl. 101; *Campbell* v. *Davis,* 94 Miss. 164, 19 Ann. Cas. 239, 47 South. 546; *Cocke* v. *Blackbourne,* 57 Miss. 689; 17 Cyc. 694.)

*Messrs. Day & Mapes* and *Messrs. Norris & Hurd,* for Respondent, submitted an original and a supplemental brief; *Mr. E. L. Norris* argued the cause orally.

Where both parties ask for a directed verdict, and do not thereafter ask for the submission of certain questions to the jury, they thereby assume the facts to be undisputed and their request amounts to a submission of the whole case to the court, and its decision upon the facts has the same effect as the verdict of a jury. (*Empire St. Cattle Co.* v. *Atchison etc. Ry. Co.,* 210 U. S. 1, 15 Ann. Cas. 70, 52 L. Ed. 931, 28 Sup. Ct. Rep. 607; *Beuttell* v. *Magone,* 157 U. S. 154, 39 L. Ed. 654, 15 Sup. Ct. Rep. 566; *Sena* v. *American Turquoise Co.,* 220 U. S. 497, 55 L. Ed. 559, 31 Sup. Ct. Rep. 488; *Sampliner* v. *Motion Picture Patents Co.* (C. C. A.), 255 Fed. 242; *Baker* v. *D. Appleton & Co.,* 187 N. Y. 548, 80 N. E. 1104, affirming 107 App. Div. 358, 95 N. Y. Supp. 125; *Kane* v. *Detroit Life Ins. Co.,* 204 Mich. 357, 170 N. W. 35; *Butcher* v. *Butcher,* 21 Colo. App. 416, 122 Pac. 397; *Van Woert* v. *Modern Woodmen of America,* 29 N. D. 441, 151 N. W. 224; *Lowe* v. *Vermont Sav. Bank,* 90 Vt. 532, 98 Atl. 1023; *Dawley* v. *Congdon* (R. I.), 105 Atl. 393.) The rule is that the decision of the court, such motions pending, will not be disturbed when supported by any substantial evidence. (*Murch Bros. Construction Co.* v. *Johnson,* 203 Fed. 1, 121 C. C. A. 353; *United States* v. *Two Baskets,* 205 Fed. 37, 123 C. C. A. 310; *De Burg* v. *Armenta,* 22 N. M. 443, 164 Pac. 838; *Landau* v. *Veith,* 164 N. Y. Supp. 230; *Modern Woodmen of America* v. *Berry,* 100 Neb. 820, 161 N. W. 534.)

We have made an exhaustive examination of the authorities sustaining the foregoing position for the reason that it is admitted that there are some decisions *contra* in this country. The Michigan courts at first waivered, as did the Iowa, New Mexico, Vermont and Wisconsin courts. (See *Lonier* v. *Ann Arbor Sav. Bank,* 153 Mich. 253, 116 N. W. 1088; *Hamill* v. *Joseph Schlitz Brewing Co.,* 165 Iowa, 266, 143 N. W. 99; *German Savings Bank* v. *Bates Addition Imp. Co.,* 111 Iowa,

432, 82 N. W. 1005; *Bank of Commerce* v. *Broyles,* 16 N. M. 414, 120 Pac. 670; *Fitzsimmons* v. *Richardson,* 86 Vt. 229, 84 Atl. 811; *Hite* v. *Keene,* 149 Wis. 207, Ann. Cas. 1913D, 251, 135 N. W. 354.) However, the language of the courts in these earlier decisions which might be construed as not entirely in harmony with later decisions from the same courts after all goes no further than holding in harmony with what we concede to be the authority that the parties may, notwithstanding both move for a directed verdict, subsequently thereto require the court to submit to the jury certain findings of fact.

Mutuality: We submit the following authorities to sustain the proposition that where the contract, even if signed by only one party thereto, is accepted and acted upon by the other party, it becomes binding upon both, the same as if signed by both: *Steinbrenner* v. *Minot Auto Co.,* 56 Mont. 27, 180 Pac. 729; *Reedy* v. *Smith,* 42 Cal. 245; *Vogel* v. *Pekoc,* 157 Ill. 339, 30 L. R. A. 491, 42 N. E. 386; *Bulwinkle* v. *Cramer,* 27 S. C. 376, 13 Am. St. Rep. 645, 3 S. E. 776; *Grove* v. *Hodges,* 55 Pa. St. 504; *Street* v. *Chapman,* 29 Ind. 142; *Marshall* v. *Hann,* 17 N. J. L. 425; *Dows* v. *Morse,* 62 Iowa, 231, 17 N. W. 495; *Attix* v. *Pelan,* 5 Iowa, 336.

To satisfy the statute of frauds, and likewise the require- ment of mutuality, the name of the party to be charged may be either in writing or in print, or by stamping, and it may be in the body of the writing or at the beginning or at the end of it, and if the instant case does not come within the above authorities, it is submitted that it comes within this principle, sustained by the following authorities: *Saunderson* v. *Jackson,* 2 Bos. & P. 238, 126 Eng. Reprint, 1257; *Kilday* v. *Schancupp,* 91 Conn. 29, 98 Atl. 335; *American Union Trust Co.* v. *Never Break Range Co.,* 196 Mo. App. 206, 190 S. W. 1045; *Dinuba Farmers' etc. Co.* v. *Grocer Co.,* 193 Mo. App. 236, 182 S. W. 1036; *Berryman* v. *Childs,* 98 Neb. 450, Ann. Cas. 1918B, 1029, 153 N. W. 486; *Goldowitz* v. *Henry Kupfer Co.,* 80 Misc. Rep. 487, 141 N. Y. Supp. 531. This evidence, complained of as having been improperly stricken, was properly stricken from

the record for the following reasons: The writings themselves being unambiguous in this respect are the only legitimate evidence of the parties' intent and as to what their understanding was. (*Westhaven Water Co.* v. *Redfield,* 58 Conn. 39, 18 Atl. 978.) In such cases the intention of the parties is to be gathered from the words used. (*Shuler* v. *Allan,* 45 Colo. 372, 101 Pac. 350; *Smith* v. *Merrill,* 134 Wis. 227, 114 N. W. 508; *Crane's Nest Coal & Coke Co.* v. *Virginia Iron etc. Co.,* 105 Va. 785, 54 S. E. 884; *Schneider* v. *Turner,* 130 Ill. 28, 6 L. R. A. 164, 22 N. E. 497.) Having voluntarily selected the words by which they chose to be bound, parties to written contracts are held bound by them. (*Mallan* v. *May,* 13 Mees. & W. 511, 153 Eng. Reprint, 213; *Dwight* v. *Germania Life Ins. Co.,* 103 N. Y. 341, 57 Am. Rep. 729, 8 N. E. 654; *Reagan* v. *Bruff,* 49 Tex. Civ. App. 226, 108 S. W. 185.) A complete, valid, written contract merges all prior and contemporaneous negotiations and agreements within its purview, and if the parol evidence is not really collateral, but is an element of the written contract, or tends to vary or contradict the same, either in its express provisions or its legal import, it is inadmissible. (Elliott on Contracts, sec. 1633; *Western Savings & Loan Co.* v. *Smith,* 42 Mont. 442, 113 Pac. 475; *Ming* v. *Pratt,* 22 Mont. 262, 56 Pac. 279; *Armington* v. *Stelle,* 27 Mont. 13, 94 Am. St. Rep. 811, 69 Pac. 115; *Lehrkind* v. *McDonnell,* 51 Mont. 343, 153 Pac. 1012; *Kelly* v. *Ellis,* 39 Mont. 597, 104 Pac. 873; *Seitz* v. *Brewers R. M. Co.,* 141 U. S. 510, 35 L. Ed. 837, 12 Sup. Ct. Rep. 46; *Schriner* v. *Dickinson,* 20 S. D. 433, 107 N. W. 536.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The complaint sets forth three causes of action, all in identical terms except so far as the amounts involved are concerned. The first counts upon a contract dated July 28, 1914, for the sale and delivery of 30,000 bushels of wheat, at 73½ cents per bushel; the second upon a contract dated July

29, 1914, for 4,000 bushels, at 70 cents per bushel, and the third upon a contract dated July 30, 1914, for 8,000 bushels, at 75 cents per bushel. The complaint discloses the amount delivered on each contract, the amount not delivered, and the consequent damages. The same defense was made to each cause of action, and an exposition of one cause of action and the defense thereto will suffice for all and illustrate the controversy in this court.

In support of his first cause of action, plaintiff introduced in evidence a writing (Exhibit "A") in words and figures following, to-wit:

"Helena, Montana, July 28, 1914.

"Geo. H. Stevens,

"Fort Benton, Montana.

"We confirm purchase of you as follows: 30,000 bushels No. 2 or better Hard Montana wheat at 73½c. per bushed f.o.b. Benton, Montana. September-October delivery at Duluth. Duluth terms. Duluth terms are shipper pays on each car: Weighing and inspection $.75. Interest on draft. Freight on dockage. Billing—The McCaull-Dinsmore Co., Duluth, Minn.

"Make draft with B/L attached on our Minneapolis office.

"This contract is accepted by

"Geo. H. Stevens,

"Yours very truly,

"The McCaull-Dinsmore Co."

Evidence was also introduced tending to prove that this exhibit was signed and delivered by defendant; the amount of grain delivered under it; the amount which defendant failed and refused to deliver, and the damages suffered by plaintiff in consequence of the breach. In support of the second and third causes of action, plaintiff introduced Exhibits "B" and "C," respectively, for all purposes of this case identical with Exhibit "A," except as to the amounts involved.

As shown by his pleading and evidence, the defendant undertook to make substantially the following defense: Some time prior to July 28, 1914, he entered into an oral agree-

ment with one G. A. Bailey, an agent of plaintiff, to the effect that he (defendant) should act as agent of plaintiff, for its accommodation and without compensation to defendant, in buying wheat for plaintiff from the growers in the neighborhood of Fort Benton, where defendant resides; that in pursuance of that agreement he did purchase various amounts of grain for plaintiff's account; that thereafter, about August 14, 1914, Bailey presented to him Exhibit "A" (in the condition in which it was before his signature was attached) and requested him to sign it; that he refused to do so unless and until it was understood that the memorandum should be used only as evidence of the amount of grain purchased by defendant for plaintiff and that defendant should not be held personally to deliver the grain; that thereupon Bailey promised and agreed that if he would sign and deliver the exhibit, it would be used by Bailey only as a memorandum to complete the files and records in his office at Helena and for no other purpose, and in no event would it be used to hold defendant personally liable to deliver the grain mentioned; that relying upon the promise and representations made by Bailey in that behalf, and not otherwise, he signed and delivered the exhibit to Bailey; that he did not deliver any grain under any of these exhibits; that the only deliveries were made by the growers under the arrangement indicated, and that this fact was known to plaintiff. When the introduction of evidence was concluded, counsel for plaintiff moved the court to strike out substantially all of defendant's evidence. Counsel for defendant moved for a directed verdict, and counsel for plaintiff did likewise. The court first denied defendant's motion, then struck out defendant's evidence, and then directed a verdict for plaintiff. From the judgment entered pursuant to that verdict and from an order denying his motion for a new trial, defendant appealed.

Counsel for plaintiff contend that, since each party moved [1] for a directed verdict in his favor, each is bound by the court's ruling if there is any substantial evidence to

support it. That is the general rule recognized by the authorities and approved by this court in *Fifty Associates Co.* v. *Quigley,* 56 Mont. 348, 185 Pac. 155, but it cannot have any application to the case where, as in this instance, the motion made by plaintiff was granted upon a record altogether different from the one upon which each of the motions was based.

The principal controversy presented is:. Was error com-
[2] mitted in striking out defendant's evidence? It is apparent from the record that the court proceeded upon the theory that the only effect of the evidence was to vary or contradict the terms of the writings (Exhibits "A," "B" and "C"), and that therefore it was incompetent under the express provisions of section 7873, Revised Codes.

We entertain serious doubt whether either of the exhibits above is a bilateral contract, but independently of that the question arises: May the defendant by parol evidence establish the fact that each of the exhibits was signed by him, and, delivered to Bailey, for a purpose other than the purpose for which it is now being used—as the basis of an action? The evidence was competent and material and its production did not infringe the parol evidence rule. Defendant did not seek to vary, contradict or even explain the terms of the exhibits. He sought only to show that he signed and delivered them to Bailey to be held by him as memoranda of the grain purchased by defendant for plaintiff's account, to complete the records and files of the Helena office, and not as evidence that defendant had bound himself personally to deliver the grain.

In *Peugh* v. *Davis,* 96 U. S. 332, 24 L. Ed. 775 [see, also, Rose's U. S. Notes], the court said: "The rule which excludes parol testimony to contradict or vary a written instrument has reference to the language used by the parties. That cannot be qualified or varied from its natural import, but must speak for itself. The rule does not forbid an inquiry into the object of the parties in executing and receiv-

ing the instrument.'' That doctrine was reiterated by the court in *Brick* v. *Brick,* 98 U. S. 514, 25 L. Ed. 256 [see, also, Rose's U. S. Notes].

In *Clark* v. *Ducheneau,* 26 Utah, 97, 72 Pac. 331, the issue presented was whether the note sued upon was executed and delivered for money borrowed or as security for the performance of an oral agreement for the purchase of stock. The court said: ''Under such an issue it was competent to offer and admit evidence to show what the purpose of the parties was in executing, delivering and receiving the note.''

In *Bartholomew* v. *Fell,* 92 Kan. 64, 139 Pac. 1016, the court said: ''The general rule is that parol evidence is admissible to establish a fact collateral to a written instrument which would control its effect and operation as a binding agreement.'' To the same effect are: *Hutchins* v. *Hebbard,* 34 N. Y. 24; *Downes* v. *Union Congregational Society,* 63 N. H. 151; *Baldwin* v. *Carter,* 17 Conn. 201, 42 Am. Dec. 735; 2 Elliott on Contracts, sec. 1641; 4 Page on the Law of Contracts, secs. 2176–2179; *Bohn Mfg. Co.* v. *Harrison,* 13 Mont. 293, 34 Pac. 313; *McCaskey Register Co.* v. *Bennett,* 6 Ala. App. 185, 60 South. 541.

Counsel for plaintiff may not discuss the credibility of [3] defendant' or the weight to be given to his testimony. Their motion to strike is in effect a demurrer to the evidence and admits as true every fact which defendant's evidence tends to prove (*Koerner* v. *Northern Pac. Ry. Co.,* 56 Mont. 511, 186 Pac. 337). If his testimony is true, he executed and delivered these exhibits as mere memoranda, and under an agreement with Bailey that they should not be used for any other purpose, and the delivery of them by Bailey to plaintiff, and its use of them as evidence of defendant's personal liability to deliver the grain, constituted a fraudulent perversion of their object and purpose and rendered them invalid as the basis of an action. (*Bell* v. *Shibley,* 33 Barb. (N. Y.) 610.) For the same reason the court erred in sustaining an objection to the introduction of defendant's Ex-

hibit "G," which tended to corroborate his oral testimony. It is immaterial whether he was in fact constituted an agent of plaintiff or whether he was only a volunteer—a mere go-between. If his testimony is true, he was not the seller of the grain and was not bound to deliver it.

Under this view of the case, the court erred in striking out defendant's evidence, and in consequence thereof the judgment and order are reversed and a new trial ordered.

*Reversed and remanded.*

Mr. Chief Justice Brantly and Associate Justices Reynolds, Cooper and Galen concur.

