LOUIS LAUGHNAN, Plaintiff and Respondent, v. ARNOLD
SORENSON, Defendant and Appellant.
No. 10264.
Submitted October 11, 1961. Decided November 20, 1961.
366 P.2d 433.

Hauge & Ober, Lester N. Hauge (argued orally), Havre, for
appellant.

Burns & Thomas, B. W. Thomas (argued orally), Chinook,
for respondent.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

This is an appeal from the twelfth judicial district of the State of Montana, in and for the County of Hill. The facts briefly stated in this cause are as follows:

Appellant Sorenson wrote the respondent Laughnan a letter offering employment at farm labor, which was dated January 24, 1958. The respondent, a married man with children received this letter in the State of Maine in the ordinary course of postal delivery and accepted and agreed to the proposal which was for a salary of $150 per month plus a crop-share agreement for the year 1958. Respondent came to Montana, went to work for appellant and all went well until September, during which month respondent requested payment of his crop share. Appellant refusing to pay respondent commenced this action and following a trial the jury, on October 5, 1960, returned a verdict for the respondent in the sum of $1,186.

The whole controversy revolves around one paragraph of the letter offering the employment, which is as follows:

"I will pay you $150 per month cash. After harvest you would get 10 percent of the harvested crop. I would expect you to stay for a twelve month period."

We will discuss specific features of the evidence in the course of this opinion.

The appellant appeals from the judgment and as his first specification contends the failure of the trial court to direct the verdict at the close of the case made by the appellant was error.

The second specification is based on alleged breach of employment as between the respondent and appellant, and the appellant contending that the evidence is insufficient to sustain the verdict; that the respondent failed to establish the material allegations of the complaint and third, that the appellant did not violate the terms and provisions of the employment agreement dated January 24, 1958.

The appellant on direct examination stated that he had

overseeded seventeen acres in wheat and had decided to plow it up and seed it to safflower. The appellant had no agreement of any kind with the respondent in connection with the seventeen acres of safflower, and so testified.

The wheat and barley with which the respondent was concerned was completely harvested by August 20, 1958. Counsel for both parties stipulated that the only matter in controversy was 810 bushels of winter wheat stored in the Centennial Elevator at Kremlin, Montana.

It is significant that one of the exhibits discloses that 810 bushels of wheat were stored in the name of the respondent but was thereafter changed to read in the name of the appellant as a joint owner. It is further noted that the check for this grain in the sum of $1,182.60 was made payable to the appellant and respondent on September 3, 1958, by the Centennial Flouring Mills at Kremlin, Montana.

Appellant contends that the respondent breached the contract by failing to cut the safflower which could not have been harvested until some time in the latter part of the month of September. Respondent contends that appellant breached the contract by his failure to pay him the sum of $1,186, on September 3, 1958, when that sum was due for the winter wheat. There is no question in the minds of this court but what the harvest was completed when the wheat and barley were placed in storage at the elevator.

The harvesting of the safflower had no bearing whatever on the terms of the agreement contained in the letter of January 24, 1958. The only thing left for the appellant to do in conformity with this letter was to pay the respondent the sum of $1,186.

Section 13-704, R.C.M.1947, is as follows:

"The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity." See Emerson-Brantingham I. Co. v. Raugstad, 65 Mont. 297, 304, 211 P. 305.

Appellant argues earnestly that the harvest specified in the employment agreement had not been completed on September 2, 1958, which in reality was the 17 acres of safflower. The appellant further argues that the contract which was the letter of January 24, 1958, was modified by a claimed oral agreement. The record does not support this allegation. The letter made no statement as to when the payments of ten percent of the crop of wheat and barley were due to the respondent other than the words *"after harvest"*.

In the case of Johnson v. Elliot, 123 Mont. 597, 605, 218 P.2d 703, it was there held by this court:

That where no time of payment is provided for, the law implies a payment will be made within a reasonable time *or upon demand.* See section 13-723, R.C.M.1947.

In Steen v. Rustad, 132 Mont. 96, 107, 313 P.2d 1014, this court quoted with approval the rule in the Johnson case, supra. See also Voyta v. Clonts, 134 Mont. 156, 328 P.2d 655.

The undisputed evidence by all the parties concerned shows that the respondent made a demand for his money on at least three separate occasions and was told various reasons why it would not then be forthwith paid.

The record clearly discloses that appellant continued to set up new conditions which must be met by the respondent before the final settlement was made.

Section 58-210, R.C.M.1947, provides, "If a party to an obligation gives notice to another, before the latter is in default, that he will not perform the same on his part, and does not retract such notice before the time at which performance upon his part is due, such other party is entitled to enforce the obligation without previously performing or offering to perform any conditions upon his part in favor of the former."

This statute was discussed in the case of Smith v. Gunniss, 115 Mont. 362, 379, 144 P.2d 186, 191, there the court quoted from 12 Am.Jur., § 329, p. 885: " 'One who prevents or makes impossible the performance or happening of a condition prece-

dent upon which his liability by the terms of a contract is made to depend cannot avail himself of its non-performance. In other words, he who prevents a thing from being done shall never be permitted to avail himself of the non-performance which he himself has occasioned.' "

It was incumbent upon the appellant to pay to the respondent the sum of $1,186 on September 3, 1958. This he failed to do.

■ This court cannot presume that the trial court committed error. Appellant must assume the burden of showing that error was in fact committed, and upon this record, as presented, he has failed. It is ordered that the judgment of the district court be affirmed.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES ADAIR and JOHN C. HARRISON concur.

MR. JUSTICE CASTLES: I concur in the result but not in all that is said therein.