JOSEPH PLATT AND CHERI PLATT, PLAINTIFFS AND APPELLANTS, *v.* LINCOLN CLARK, DEFENDANT AND RESPONDENT.

No. 10401

Submitted September 15, 1962. Decided January 23, 1963.

378 P.2d 235.

Doepker & Hennessey, Mark J. Doepker (argued), William Dee Morris (argued), Butte, for appellants.

Frank E. Blair (argued), William F. Sheehan, Virginia City, for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an appeal from a judgment of the district court of the fifth judicial district, Madison County, Montana, in favor of the defendant after a jury trial wherein the defendant was awarded $291.06 and costs.

The facts are as follows: On or about May 1, 1958, plaintiff and defendant entered into a written lease agreement. Both parties agree that the lease was executed on an FHA form and that it was sent to the Madison County FHA office. The defendant states that the reason for sending the lease to the county office was to get their approval for a loan without which he could not undertake to lease the plaintiff's forty acres. The plaintiff denies that the defendant getting an FHA loan ever entered into the leasing of the acreage in question. Clark entered into possession on May 1, 1958, and some twenty-six days later he contends that he was informed by the County FHA committee that his request for a loan was refused and he testified he informed the plaintiff by telling him that the deal was off and that the work done up to that time was "his loss."

He further testified that the plaintiff told him he did not want to see him lose all that he had done, and that he wanted him, the defendant, to help him, the plaintiff, out on the ranch until he could get on his feet.

The defendant also stated that plaintiff said he would pay him for his time. This is denied by the plaintiff.

From the testimony, the defendant farmed the property in question from May of 1958 until he received a notice to quit the

378

premises in October 1960. The bill of particulars that he submitted at the plaintiff's request showed that for the period in question there were debits of $1,629.10, which covered such items as payments for irrigation, seed, leveling, harrowing, drilling and ditching, mowing and stacking of hay, and the feeding and caring for certain livestock; and credits in the amount of $917 which included the sale of some forty-three tons of hay. This left a balance of $712.10 owing according to that bill of particulars, which the testimony later reduced to $291.06.

The testimony further showed that the plaintiff's wife had been seriously ill during the period in question and that it had been necessary for him to absent himself from the ranch for an extended period to get medical attention for his wife.

The plaintiff testified that he had a lease commencing May 1, 1958, to run five years at the following rentals: $500 on the first of May 1958 and $600 per year for the four succeeding years payable May 1st of each year.

There was no showing of any rental payment by the defendant in 1958, 1959, or 1960, nor did the plaintiff testify that he ever made a demand on the defendant for same.

The jury found against the plaintiff and in favor of the defendant on his counterclaim in the amount of $291.06.

The plaintiff's first specification of error is that the court erred in admitting evidence for the purpose of varying the terms of a written lease.

The crux of this case is whether or not the signed FHA form was in fact a five-year lease, or was merely an agreement to lease subject to obtaining a loan from the FHA.

The cases are numerous and the rule well established under our law that oral testimony of agreements which contradict, change, add to, or subtract from a written contract is inadmissible.

If such were the case here, the district judge would have

erred in admitting the testimony complained of by the plaintiff.

However, under the statute and the case law of this state, parol evidence is admissible "Where the validity of the agreement is the fact in dispute." Section 93-401-13, R.C.M. 1947. An agreement reduced in writing deemed whole; when the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms. Therefore, there can be between the parties and their representatives, or successors in interest, no evidence of the terms of the agreement other than the content of the writing except in the following cases:

(1) Where a mistake or imperfection of the writing is put in issue by the pleadings.

(2) Where the validity of the agreement is the fact in dispute.

This section does not exclude other evidence of the circumstances under which the agreement was made, or to which it relates, as defined in section 93-401-17, or to explain an extrinsic ambiguity, or to establish illegality or fraud. The term agreement includes deeds and wills, as well as contracts between the parties.

The leading case of this jurisdiction recognizing this exception to the evidence rule and cited by the defendant, but not distinguished or denied by the plaintiffs is Smith v. Fergus County, 98 Mont. 377, 39 P.2d 193. Speaking with the above statute in mind this court at p. 390, 39 P.2d at page 197, said:

"These provisions of our law preclude oral testimony of agreements which contradict, change, add to, or subtract from a written contract purporting to embrace all of its terms. The cases in point are too numerous, and the rule is too well established, to require citation of authorities. However, under the statutory exception noted, 'where the validity of the agreement is the fact in dispute,' parol evidence is admissible, not to vary the terms of an instrument, but to show that what

380

appears on its face as a valid binding contract, is, in fact, no such thing." Bridges & Co. v. Bank of Fergus County, 77 Mont. 524, 251 P. 1057, and McCaull-Dinsmore Co. v. Stevens, 59 Mont. 206, 194 P. 213; Stokes v. Tutvet, 134 Mont. 250, 328 P.2d 1096; Jensen v. Franklin, 135 Mont. 341, 340 P.2d 832.

As to specifications 2 and 3 which relate back to specification 1 this matter has been covered through the discussion of specification 1 and found to be without merit.

Plaintiffs' specification 4 concerns itself with the plaintiff's proposed instruction 8. The record shows that the refusal of said instruction was acquiesced in by the plaintiff. No objection was made nor was an exception taken to the refusal of the court to give it. Plaintiffs therefore cannot be heard at this stage of the appeal to raise this objection.

Concerning the plaintiffs' specifications 5 and 6 which were objections to the giving of instructions A and B, the record as in exception 4 shows that the plaintiffs neither objected nor excepted to the court's action of giving the instructions and therefore will not be heard at this point to raise the objection for the first time.

Here the matter was tried by a jury, the evidence was conflicting, but the findings of the jury on the important factual issues found in favor of the defendant. This court has said in a long line of cases that the court is committed to the rule that we will not overturn holdings or the findings of a trial court unless there is a decided preponderance of the evidence against them and, when the evidence, fully considered furnishes reasonable grounds for different conclusions, findings will not be disturbed. Olson v. McLean, 132 Mont. 111, 115, 313 P.2d 1039, also Feely v. Lacey, 133 Mont. 283, 322 P.2d 1104; and Jessen v. O'Daniel, 136 Mont. 513, 349 P.2d 107.

This court in Laughnan v. Sorenson, 139 Mont. 531, 366 P.2d 433, said:

"This court cannot presume that the trial court committed error. Appellant must assume the burden of showing that error

was in fact committed, and upon this record, as presented, he has failed."

No error appearing in the record the judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, MR. JUSTICES ADAIR, CASTLES, and The HONORABLE CHARLES B. SANDE, District Judge, sitting in place of MR. JUSTICE DOYLE, concur.