JOE P. FAVERO, Plaintiff and Respondent, *v.* THOMAS
H. CULHANE, Defendant and Appellant.

No. 10530

Submitted April 17, 1963. Decided May 15, 1963.

381 P.2d 487.

Lamey, Crowley, Kilbourne, Haughey & Hanson, Billings, Louis R. Moore (argued orally), Billings, for appellant.

J. H. McAlear, Red Lodge, for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an appeal by Thomas H. Culhane, the defendant, from an amount of damages awarded Joe P. Favero, the plaintiff in an action brought in the district court of the thirteenth judicial district.

On December 30, 1961, Douglas Favero, the plaintiff's son was delivering groceries in the 1949 Chevrolet panel delivery truck owned by the plaintiff. At the intersection of Platt and 13th Street East in the City of Red Lodge, Montana, the defendant's automobile skidded on the icy pavement and struck the right side of the plaintiff's truck. For the purpose of this appeal the negligence of the defendant and the absence of contributory negligence are admitted. No personal injuries are involved. This appeal is for the purpose of ascertaining the measure of damages to be applied to the damaged truck.

Plaintiff testified that the truck had been purchased second hand about two years prior to the accident for $350. He further testified that he had made improvements by adding a used motor one year before the accident at a cost of $150 and new sawdust winter tires shortly before the accident. The truck was in excellent running condition, and suited the plaintiff's operation.

The plaintiff introduced testimony to the effect that the minimum repair costs would be $360.80. In the prayer, the plaintiff asked damages of $360 and the court awarded this amount.

An automobile dealer from Billings, called by the defendant, testified that the book value of the vehicle was $95 prior

to the accident, and that its salvage value was \$65 following the accident.

Defendant argues that the correct measure of damages where the cost of repairs exceeds the market value is the market value less salvage. Thus the plaintiff would have been entitled to \$30.

In support of this proposition, the defendant cites Restatement, Torts, § 928, p. 658, which reads as follows:

"Section 928.   Harm to Chattels

"Where a person is entitled to a judgment for harm to chattels not amounting to a total destruction in value, the damages include compensation for

" (a)   the difference between the value of the chattel before the harm and the value after the harm or, at the plaintiff's election, the reasonable cost of repair or restoration where feasible, with due allowance for any difference between the original value and the value after repairs, and

" (b)   the loss of use.

"Comment on Clause (a)

" (a)   The full value of a chattel which has been tortiously harmed but which has not been converted or made cempletely worthless, cannot be obtained by the owner; he cannot abandon it and recover its value in damages. He can recover only the difference in its value before and after the harm, except that if, after the harm, it appears to be economical to repair the chattel, he can elect to recover the cost of repairs, together with the value of the loss of use during the repairs, or other losses which may have resulted during such time.   *   *   *
If it does not appear to a reasonable person economical to repair or replace the damaged part, the damages are the full value of the subject matter at the time of the tort, less the junk value of the remains. Ordinarily, where the cost of repairs would be greater than the exchange value of the chattel before the harm, it would not be economical to make the repairs. If, however, the chattel has peculiar value to the

owner, as where a family portrait having substantially no exchange value has been harmed or, where, to avoid injury to business, it is feasible to make expensive repairs rather than to delay in obtaining a new chattel, it may be reasonable to make repairs at an expense greater than the cost of a new chattel, * * *''

We find no quarrel with the law as cited by the defendant, but rather we disagree with defendant's application of the law to the instant case.

Defendant's own witness testified that in the last year or so, only one panel truck older than a 1955 had been sold by the witness's large Billings dealership. It is obvious from this testimony that the plaintiff could not go out and replace the truck for the book value to which the witness testified. Without a doubt the truck was old, but it ran and performed its job for the plaintiff. If the defendant could have shown the truck's value by comparable and available units, a different situation would have prevailed. Instead the value testified to was only a theoretical value placed upon the truck by the so-called blue book.

The testimony of the plaintiff as to purchase price two years before the accident plus the cost of addition is of more probative value than was the theoretical value placed upon the vehicle by the defendant's witness.

The plaintiff had the burden of showing the value of the chattel as well as the cost of repairs. This burden was met. If the defendant wished to attack either the value as here, or the cost of repairs, he must overcome the preponderance of evidence presented by the plaintiff. This the defendant did not do in the instant case. This court has repeatedly affirmed the proposition that when a finding or holding of the trial court is supported by a preponderance of the evidence, this court will not reverse the decision of the district court. See Platt v. Clark, 141 Mont. 376, 378 P.2d 235.

The defendant bases his appeal upon the conclusion of law

reached by the court below to the effect that cost of repairs is a valid measure of damages in all cases.

Under the facts presented in this case, the conclusion of law by the district judge is not erroneous.

For the foregoing reasons, the decision of the district court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES CASTLES, ADAIR and DOYLE, concur.