MARTHA MAHONEY and Another, Plaintiffs, *v.* WINOM W. McCOLLUM, Defendant.

Supreme Court, St. Lawrence County, March 13, 1933.

*Allan Gurley,* for the plaintiffs.

*George H. Bowers,* for the defendant.

LAWRENCE, J. This is an action to foreclose a real estate mortgage. The premises covered by the mortgage were deeded to defendant by Sophia McCollum, his mother, on May 23, 1916. Sophia McCollum was also the mother of four other children, namely, Alexander McCollum, Martha Mahoney, Agnes Taylor

Blodgett and George E. McCollum. In the deed Sophia McCollum reserved a life estate to herself.

On the same day defendant gave a mortgage on the same premises for $4,000, conditioned that $1,000 be paid to each of the four children other than the defendant. The amount of $1,000 to each was to be due within two months after the death of Sophia McCollum. Sophia McCollum died May 24, 1932, so that this mortgage became due on July 24, 1932.

The interest of Alexander McCollum and George McCollum has been satisfied. This action is brought by the other two children, namely, the plaintiffs, Martha Mahoney and Agnes Taylor Blodgett. The relationship between the parties seems to be unpleasant.

The defendant claims that he paid $200 to Martha Mahoney by advancing that sum to her to apply upon the mortgage to her. This was in 1925. The plaintiff Martha Mahoney claims that this $200 was loaned to her husband. No note was given for the $200 and the husband now is unwilling to pay the claim, which would be outlawed.

I find that the $200 was advanced and paid to apply upon the mortgage to Martha Mahoney and that, therefore, the amount due on her interest is $800 and interest from July 24, 1932.

The defendant claims that he advanced to Agnes Taylor Blodgett the sum of seventy-five dollars to apply upon her interest in the mortgage. He did send her a draft for that amount, which draft she indorsed. She claims that such sum was paid for another purpose.

I find that the sum of seventy-five dollars was advanced and paid to Agnes Taylor Blodgett to apply upon her interest in the mortgage, and that there is now unpaid to her thereon the sum of $925 and interest from July 24, 1932.

The defendant claims that within two months subsequent to the death of Sophia McCollum he deposited to the credit of Martha Mahoney the sum of $800 in the bank at Hermon, N. Y., and $925 to the credit of Agnes Taylor Blodgett in the same bank, and notified the plaintiffs of such deposit. He claims such amount was in satisfaction of their claim and that they cannot, therefore, maintain this action, brought to foreclose, as their lien is lost.

Some evidence was given that such deposits came to the attention of the plaintiffs. They each claim a larger sum due them, however, and the question remains as to the sufficiency of the deposit in lieu of tender.

I find that the facts proven do not constitute a sufficient tender and, therefore, decide that foreclosure should proceed for the amount above stated to be unpaid upon the bond and mortgage.