SOMMER, Respondent, *v.* WIGEN, Appellant.

(No. 7,595.)

(Submitted October 24, 1936. Decided November 17, 1936.)

[62 Pac. (2d) 333.]

Cause submitted on briefs of Counsel.

*Mr. E. M. Child* and *Mr. Lloyd I. Wallace,* for Appellant.

*Mr. J. Burke,* for Respondent.

MR. JUSTICE ANDERSON delivered the opinion of the court.

This action was brought for the foreclosure of a real estate mortgage given by the defendant to the plaintiff. The complaint was in the usual form for the foreclosure of such a mortgage. The answer admitted the execution and delivery of the note and mortgage, the nonpayment of the taxes on the land, and likewise the failure to pay the mortgage. Affirmatively the defendant pleaded a want or absence of consideration for the mortgage.

The cause was tried before the court sitting without a jury; both parties proposed findings presenting their respective theories of the case. The trial court found in accordance with the plaintiff's theory and entered judgment accordingly for the foreclosure of the mortgage in accordance with the prayer of plaintiff's complaint, and from this judgment defendant appeals.

It appears from the evidence that the lands described in the mortgage sought to be foreclosed were in the year 1917 owned by Gustave A. Norris, who on October 22 of that year mortgaged them to Frederick Sommer. On May 9, 1927, Norris conveyed the lands described in the mortgage to the defendant. This deed made no mention of the then outstanding mortgage on these lands. Some time prior to the year 1932, Frederick Sommer, the mortgagee named in the mortgage executed in the year 1917, died leaving surviving him his widow and two sons. The plaintiff secured the mortgage sought to be foreclosed from the defendant on July 28, 1932. The plaintiff did not testify on the trial of this case. The defendant testified that at the time the mortgage sought to be foreclosed was given, no money passed or was turned over by the plaintiff, nor was anything of value given to the defendant, nor

was the defendant then personally indebted to the plaintiff in any amount; that the defendant at that time knew of the existence of the Gustave Norris mortgage; and that Miss Sommer informed her that since the death of Frederick Sommer the defendant owed the mortgage debt to the plaintiff. Defendant inquired about the note and mortgage and was informed by the plaintiff that she had lost them and requested defendant to sign the new note and mortgage under an agreement that plaintiff was to cancel the old note and surrender it together with the mortgage unto the defendant which, it was testified, plaintiff had failed to do. No assignment of the mortgage was ever recorded in the office of the county recorder. The record is entirely silent as to whether Frederick Sommer died testate or intestate, and also as to whether any probate proceedings were had of his estate, nor where he resided at the time of his death.

The scrivener who drew the mortgage sought to be foreclosed testified that he drew it at the request of the parties to this action, both of whom were present. He said: "They both told me that it was in settlement of an old debt that had been made some time previous to Miss Sommer's brother." They informed him that some interest then due was being deducted and the new note and mortgage were made for the same amount as the old. He also stated his conclusion that the defendant admitted she owed the debt to the plaintiff, but the force of this conclusion is somewhat weakened by his further testimony as to this conversation which he testified to as follows: "As I recall the conversation Mrs. Wigen used the term 'we'; 'we owe the Sommers this money,' and she says, 'I am trying to see that it is paid'; she says, 'they have always been good to us, and haven't bothered us about paying the interest and let us stay on that place out there'; and she says, 'I am going to see that that obligation is paid off.'"

The court found that at the time of the execution of the note and mortgage the defendant admitted the indebtedness to the plaintiff herein. It refused to find that the mortgage

had never been assigned to anyone (referring to the mortgage given by Norris) and that it was then owned by the heirs of Sommer, who left as heirs his wife and children. The court also refused to find that the plaintiff at the time of the renewal mortgage, and at all times subsequent, had never owned it and never could legally surrender the note and mortgage or satisfy the same.

The defendant asserts error upon the ruling of the court in refusing the proposed findings, and also upon the finding made as mentioned supra. Likewise error is assigned upon its refusal to make conclusions and certain other findings, as well as upon the entering of judgment for the plaintiff.

It apparently was the theory of the defendant that plaintiff was not the owner of the original mortgage and, therefore, the second mortgage was without consideration. Counsel for the plaintiff contends that the testimony of the defendant was inadmissible, first, for the want of a sufficient pleading, and, second, that it violates the parol evidence rule.

The further answer of the defendant alleged that the note described in the complaint secured by the mortgage was without any consideration whatever, and that there was a total absence and failure of consideration for the execution of the note. Substantially the same allegation is repeated as applied to the mortgage. No demurrer was filed to the further answer, and neither was there an objection interposed to the introduction of testimony on the ground that the further answer was insufficient for substance. The testimony was received over the objection that it was immaterial under the pleading, that no issue was raised of that kind, and it was not in issue.

The rule in this jurisdiction is that the absence of consideration is a matter of defense which must be affirmatively pleaded, and that a general averment is sufficient in pleading of a want of consideration without setting out the evidentiary facts upon which the pleader relies.

In the case of *United States National Bank* v. *Chappell,* 71 Mont. 553, 230 Pac. 1084, 1086, this court declared: "Under the statute, absence of consideration is a matter of defense as against any person not a holder in due course. (Sec. 8435, Rev. Codes 1921.) This is an affirmative defense, and must be pleaded. While there is some division of opinion we think the decided weight of authority sustains the position that a general averment is sufficient in pleading want of consideration without setting out the evidentiary facts upon which the pleader relies. Good pleading requires the statement of the facts, not the evidence of the facts, in ordinary and concise language. The design of the rule is to arrive at a simple and direct statement of the issue to be submitted to the court for decision. The ultimate fact stated in the first affirmative defense is that the note was executed without any consideration, that there was a total absence of consideration. What more need be said?" Clearly, the further answer was a sufficient pleading of want or absence of consideration. The testimony tending to show an absence or want of consideration was admissible. (*United States Nat. Bank* v. *Chappell,* supra; 4 Jones' Commentaries on Evidence, 2d ed., 2859.)

The burden of showing a want of consideration sufficient to support an instrument lies with the party seeking to avoid it. (*Rawleigh Co.* v. *Washburn,* 80 Mont. 308, 260 Pac. 1039.) The evidence discloses that Frederick Sommer was the original holder of the note and mortgage. It was not shown that he ever had transferred or assigned the original note and mortgage unto the plaintiff or anyone else. The records in the county clerk and recorder's office were silent as to any such transfer. However, the assignment of a debt secured by a mortgage carries with it the security. (Sec. 8261, Rev. Codes.) If plaintiff was not the owner of the original note and mortgage, she was in no position to perform her promise to cancel and surrender the original

note and mortgage, and there would be, in such circumstances, an absence or want of consideration.

As we have observed, the burden of proof was on the defendant to show absence of consideration. Her proof we have already discussed in detail. The plaintiff could have acquired title to the note and mortgage in many ways which are not foreclosed by the evidence in this case. Some of these methods which occur to us are as follows: Frederick Sommer in his lifetime by any conduct which would have amounted to the assignment of the debt would have thereby assigned the mortgage, as he could have indorsed the note and delivered it to his sister. Plaintiff could have acquired this note and mortgage as the result of testamentary disposition in her favor. She could have purchased the note from the administrator or executor of the estate of her brother under appropriate order of a court having jurisdiction; or it could have been distributed to other heirs or legatees who in turn sold it to the plaintiff. She could have acquired it as a pledgee.

The only theory, as we view it, upon which the defendant ██ · could be sustained as establishing want of consideration is by resorting to the presumption (subd. 32, sec. 10606, Rev. Codes) that a thing once proved to exist continues so long as is usual with things of that nature. The record discloses that Sommer was the mortgagee, and no evidence was adduced tending to show that he or his successors in interest upon his death had ever transferred the mortgage to any person. The first mortgage was given in 1917 and the second in 1932—a lapse of approximately fifteen years. The force of the above presumption varies with the facts of each particular case; as applied to the lapse of time it is always strongest in the beginning. The inference steadily diminishes in force with the lapse of time at a rate proportionate to the quality of the permanence belonging to the thing in question, until it ceases. (22 C. J. 87.)

It has been held that a court will not invoke this presumption where it was established that one was a stockholder in a cor-

poration five years previous in order to establish that this condition continued for that length of time. (*Sargent* v. *Waterbury*, 83 Or. 159, 161 Pac. 443, 163 Pac. 416.)

We hold that in this case, taking into consideration the lapse of time, the nature of the property, the ease with which it could be transferred without the necessity for the making of any record of the transfer, the inference of the continued ownership is too weak to establish a prima facie case of want or absence of consideration.

However, if the plaintiff was in fact the owner of the original note and mortgage and made the promises which were testified to by the defendant and not in anywise disputed, there was a failure of consideration, in that the plaintiff promised to perform in consideration of the defendant's performance. The promise made by the defendant was supported by a consideration, namely, the promise of the plaintiff to perform, which she has not performed. By reason of her failure to perform her promise to cancel the note and mortgage, the consideration for defendant's promise to pay the note and mortgage failed. (2 Williston on Contracts, 1562: Restatement of the Law of Contracts, sec. 274.)

But the answer of the defendant was insufficient as a pleading of failure of consideration, since the rule is that a general averment of total or partial failure of consideration is insufficient; such averment being the statement of a mere conclusion; the facts constituting such failure must be stated. (8 C. J. 919; *Grimes* v. *Ericson*, 94 Minn. 461, 103 N. W. 334; *Osborne & Co.* v. *Hamlin*, 158 Ind. 325, 63 N. E. 572.)

It is argued on behalf of the plaintiff that at the time the mortgage sought to be foreclosed was given, the first mortgage was about to outlaw, presumably under the provisions of section 8267, Revised Codes. The mortgage, however, under that section as it then existed and as interpreted by this court, was not barred by the statute of limitations so long as the debt secured thereby was kept alive. (*Turner*

v. *Powell*, 85 Mont. 241, 278 Pac. 512.)    The record is silent as to the nonexistence of any affidavit of renewal or extension agreement.

The trial court found that the defendant at the time of ▋ the execution of the mortgage in question admitted she owed the debt to the plaintiff.   We think the evidence insufficient to warrant such a finding.   The mere conclusion stated by the scrivener perhaps justified the conclusion, but his subsequent explanation of the conversation goes no further than to show an admission on the part of the defendant to the effect that the land which she owned was subject to the lien of a then existing mortgage, and we think this finding was error.   If this finding of the court was correct the mortgage was supported by a consideration.   Apparently this was the basis for the trial court's conclusion.

We are commanded by the provisions of section 8805, Re-[10] vised Codes, in equity cases such as this to review all questions of fact arising upon the evidence presented in the record, whether the same be presented by specifications or particulars in which the evidence is alleged to be insufficient or not, and to determine the same, as well as questions of law, unless for good cause a new trial or the taking of further evidence in the court below be ordered.   We are confronted with the situation in this case of the defendant having made a sufficient plea of want of consideration which she has failed to sustain by the evidence.   Evidence is found in the record which would sustain a finding of failure of consideration but which was admitted over objection that it was immaterial to the issues raised.   The trial court has made an erroneous finding which is not supported by the evidence and is apparently the basis of its conclusion.   In view of these considerations, good cause exists for the ordering of a new trial.

Accordingly, the judgment is reversed and the cause remanded to the district court of Lake county, with directions to grant a new trial and to afford the parties to the action

an opportunity to make any amendments desired to their pleadings before proceeding to a new trial.

ASSOCIATE JUSTICES MATTHEWS, STEWART and MORRIS concur.

MR. CHIEF JUSTICE SANDS, being absent, takes no part in the foregoing decision.