*In re* PETITION TO ESTABLISH AND QUIET TITLE TO LANDS AND RECREATING PUBLIC RECORDS IN MONTMORENCY COUNTY.

HILL, INTERVENOR.

1. QUIETING TITLE—RECORD—APPEARANCE.

Person who filed an appearance in primary or principal statutory proceedings for establishing and quieting title to lands and recreating public records of lands in a county where records have been destroyed in whole or in part, would have a right to frame an issue and be heard (CL 1948, § 561.1 *et seq.*).

2. SAME—PLEADING—RECORDS—MISSTATEMENT OF STATUTE NUMBER—JURISDICTION.

Jurisdiction was obtained by circuit court in primary or principal statutory proceedings for establishing and quieting title to lands and recreating public records of lands in a county where records have been destroyed in whole or in part, notwithstanding order for appearance erroneously referred to enrolled act number rather than public act number, where such order otherwise complied with the statute and after 4 of the 7 weekly publications made thereof, was corrected, although there was no posting of the corrected notice which contained the purpose of the proceedings, the subject matter involved and the time and place of hearing on the petition, such inaccuracy being inconsequential (CL 1948, § 561.-2).

---

REFERENCES FOR POINTS IN HEADNOTES

[2–4, 6, 7]  42 Am Jur, Process, §§ 65, 66, 95.
[4]  44 Am Jur, Quieting Title and Determination of Adverse Claims, § 5.
[6, 7]  12 Am Jur, Constitutional Law, §§ 594, 597.
[7]  12 Am Jur, Constitutional Law, § 597.
[9]  14 Am Jur, Costs, § 91.

3. PROCESS—SUBSTITUTED SERVICE—NOTICE.

> Whether or not there has been substantial or reasonable compliance with statutory requirements for substituted service of process and adequate notice should be determined in the light of reason as applied to the facts, the subject matter, and the issues of the particular case.

4. QUIETING TITLE—STATUTES—RECORDS—INTERVENTION.

> Provisions of statute relative to proceedings for establishing and quieting title to lands and recreating public records of lands in a county where records have been destroyed in whole or in part *held,* to provide an effective means of quieting title with finality, since such statute must be considered in the same light as the ordinary chancery decree entered in a proceeding to quiet title and the statute particularly provides for intervention by any person having an interest in any lands, personal and substituted service of notice of intervenor's petition upon persons known to have any interest in parcels of lands described by intervening petition and by posting of such notice on the premises (CL 1948, § 561.1 *et seq.*).

5. SAME—RECORDS—PRIMARY STATUTORY PROCEEDINGS.

> No one is deprived of property rights in the primary or principal proceedings brought under statute whose object was to provide for the establishment of and quieting title to and the recreating of the public records of lands in counties where the records have been destroyed in whole or in part (CL 1948, § 561.1 *et seq.*).

6. CONSTITUTIONAL LAW—DUE PROCESS—NOTICE.

> A fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them a reasonable opportunity to make their appearance and to present their objections.

7. QUIETING TITLE—STATUTES—DUE PROCESS—NOTICE—SUBSTITUTED SERVICE.

> The notice and method of service provided by statute setting up procedure for establishment of and quieting title to and the recreating of the public records of lands in counties where the records have been destroyed in whole or in part *held,* to comply with Federal and State constitutional provisions as to due process, where personal notice is required

insofar as persons interested are known and substituted service by publication as to others (CL 1948, § 561.1 *et seq.*).

8. SAME—RECORDS—INTERVENTION—EVIDENCE.

Evidence submitted incident to intervenors' petition in proceedings for establishment of and quieting title to and recreating public records of lands in counties where the records have been destroyed in whole or in part *held,* to entitle intervenors to be decreed the owners in common of lands described in their petition (CL 1948, § 561.1 *et seq.*).

9. COSTS—PUBLIC QUESTION—QUIETING TITLE—RECORDS—STATUTES —CONSTITUTIONAL LAW.

No costs are allowed on appeal in case primarily of public concern involving constitutionality and effectiveness of statute providing for proceedings for establishment of and quieting title to and recreating public records of lands in counties where records have been destroyed in whole or in part (CL 1948, § 561.1 *et seq.*).

Appeal from Montmorency; Wilcox (Arthur W.), J. Submitted January 3, 1951. (Docket No. 32, Calendar No. 44,916.) Decided March 1, 1951.

Bill by Sidney Gassel, Prosecuting Attorney of Montmorency County under CL 1948, § 561.1 *et seq.* Fred B. Hill and another intervened and petitioned for quieting of title to lands they claimed to own. Petition dismissed. Petitioners appeal. Reversed and decree for petitioners granted.

*Harold H. Emmons, Jr. (Herbert W. Rice,* of counsel), for petitioners.

*Amici Curiae:*

*Donald K. Gillard, Philip J. Glennie, Donald M. Habermehl, Louis G. Jarboe, Lawrence D. Larke,* and *Arthur B. Wilkins.*

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara,* Assistant Attorney General, urging reversal.

North, J. The relief sought in this statutory proceeding by Fred B. Hill and James Mathewson, intervening petitioners, was that a decree be entered "establishing and quieting title in petitioners" to 40 acres of land in Montmorency county, of which land they alleged they were the owners in common. The circuit judge, for reasons hereinafter noted, denied the relief sought. Petitioners have appealed.

A fire in 1943 completely destroyed the public records of Montmorency county, Michigan, particularly all of those relating to real estate. There was no independent abstract company functioning in the county. The only source of obtaining an abstract of title to real estate in Montmorency county was the office of the register of deeds. As a result of the 1943 fire the public, as well as private property owners, were left devoid of any acceptable public records of real estate titles. To provide a means of recreating public records of lands and quieting titles thereto, the legislature passed PA 1944 (1st Ex Sess), No 52 (CL 1948, § 561 *et seq.* [Stat Ann 1949 Cum Supp § 26.878(1) *et seq.*]). The act is entitled:

"An act to provide for the establishment of and quieting the title to and the recreating of the public records of lands in counties where records of title have been destroyed in whole or in any material part by fire, flood or other major disaster, and to establish the procedure therefor and to provide an appropriation to pay certain costs thereof."

We quote from the act as follows:

"Sec. 2. When the public records in the office of the register of deeds of any county have been, or shall hereafter be, lost or destroyed, in whole or in any material part, by fire, flood or other disaster, the circuit court in chancery for any such county shall have jurisdiction and authority to hear and determine any

suit instituted under the provisions of this act, and the rights of the several parties in said suit, and it shall be the duty of the prosecuting attorney of such county, when directed by the board of supervisors of such county, to file a bill in chancery on behalf of the people of the State of Michigan and of the county to determine and quiet title in and to the lands in such county, the defendants in which shall be described as 'all persons having or claiming any interest in or lien upon the real property herein described, or any part thereof.'  *  *  *  The court shall have jurisdiction of all real property affected by the loss or destruction of the records of the register of deeds. In case the entire records of the office of the register of deeds are not lost or destroyed, the circuit court shall take judicial notice thereof.

"Upon the filing of the bill of complaint the circuit court shall enter an order for appearance and fix a time and place for hearing.  *  *  *  Such order for appearance shall be published for 6 successive weeks at least once each week, in a newspaper *  *  *  and, in every case within 30 days after the first publication of such order for appearance, a true copy shall be posted in a conspicuous place on the building in which the circuit court is sitting. The circuit judge may order such additional publications as the court shall deem necessary to give reasonable notice of the pendency of such suit.  *  *  *

"After the expiration of 90 days from the date of said order and upon proof of the publication provided for in the foregoing paragraph, the court on the date set for hearing or on an adjourned date therefor and upon hearing and proof thereof, shall enter a decree which shall state that the records in the office of the register of deeds have been lost or destroyed, in whole or in any material part, by fire, flood or other disaster and shall authorize the filing of intervening petitions as provided in section 5 of this act, and the issuance of orders based on testimony introduced under sections 5 and 6 of this act determining the interest or title to particular parcels of land. The decree shall further provide that

all persons entering appearance before the issuance of such decree shall be served personally or by registered mail by any petitioner in any proceedings hereafter instituted under section 5 of this act wherein such petitioner shall claim an interest in or lien upon the lands described in their appearance. Said decree shall further provide that all such appearances entered shall be recorded by the register of deeds and a reference to the book and page entered upon a map provided for in section 8 of this act. The court is authorized to issue such further orders as it shall deem necessary." CL 1948, § 561.2 [Stat Ann 1949 Cum Supp § 26.878(2)].

From the foregoing, and other provisions of the statute hereinafter noted, it appears that the act in effect provides for a primary or principal proceeding in which jurisdiction of the trial court over the general subject matter is determined; and for supplemental or ancillary proceedings by intervening petitioners who seek adjudication of their individual rights to have title to specific parcels of real estate quieted and the record thereof recreated in the proper public records.

In the case before us no one entered an appearance as a defendant in the principal or primary proceeding. Had someone entered an appearance in the form provided by the statute, describing any land in which he claimed an interest, as required by section 2 of the act, he would have been entitled to service personally or by registered mail of notice of any subsequent intervening proceedings affecting the land described in his notice of appearance. And such appearance "recorded by the register of deeds," as provided in section 2, would afford at least some protection to a landowner against a possible claim subsequently made by an alleged innocent purchaser. Further, one who appeared in the initial proceeding might challenge the allegation in the bill of complaint

of any fact essential to the assumption of jurisdiction by the court. At this point, we note that we are not in accord with the assertion in the *amici curiae* brief that one who had entered an appearance "had no right to frame an issue and be heard." The act by necessary implication, if not expressly, provided otherwise.

The circuit judge, for reasons hereinafter considered, held that the circuit court did not obtain jurisdiction in the primary or principal proceeding, and for that reason, among others, refused to grant the relief sought by these appealing intervenors. In the opinion filed by the circuit judge, to which reference is made in the decree, 3 reasons are stated in consequence of which he concluded "that the relief sought (by intervening petitioners, Hill and Mathewson) should be denied." We quote and consider these reasons in the following order:

(1) "Because, assuming the act to be valid, this court never obtained jurisdiction in the original action in and under which this petition is filed, notice not having been published and posted as required by the act."

The challenge to the jurisdiction of the court on the ground that notice of the original proceeding was not published and posted as required by the statute, arises from the following irregularity. In drafting the notice, *i.e.*, the order for appearance, wherein reference to the statute under which the proceeding was had, the statute was designated as "*Act No 34*" (the enrolled act number) rather than No 52, which is the correct number of this act as embodied in PA 1944 (1st Ex Sess). Except for the noted inaccuracy, an order for appearance was published and posted in compliance with the act. Section 3 of the act provides: "The order for appearance *shall be substantially in the following form* or in such other form as may be prescribed by order

of the court;" and sets forth in detail a form of the notice.* Only in 2 places in the order for appearance

---

* Statutory Form:

### "STATE OF MICHIGAN
### "IN THE CIRCUIT COURT FOR THE
### COUNTY OF . . . . . . . . . . . .
### "IN CHANCERY

"State of Michigan. In Re Petition to Establish and Quiet Title to Lands and Recreating Public Records Thereof Under Act . . . . . . of the Public Acts of 1944, First Extra Session.

"In the name of the people of the State of Michigan. To all persons claiming any interest in or lien upon the real property herein described or any part thereof including their unknown heirs, devisees, legatees and assigns, as the case may be, greetings:

"Take notice, that the record title to all of the lands in . . . . . . . . . . . . county is in question by reason of the loss or destruction of records in the office of the register of deeds therof, and in consequence thereof on the . . . . day of . . . . . . . . . . . . . . . A. D. 19. . . . ., a bill of complaint was filed in the circuit court for the county of . . . . . . . . . . . . . in chancery, to establish and quiet title to the aforementioned lands, more particularly described as: (here insert a description of the real property in said county as contained in the bill of complaint and such additional descriptive language as may be ordered by the court). Now, unless you appear on or before the . . . . . . day of . . . . . . . . . . . . . . . . . ., 19 . . . . ., in said court, (naming a return day at least 90 days from the date of said order of appearance) and show your interest in any part of said aforedescribed real property, said bill of complaint shall be taken as confessed, and a decree entered pursuant to Act No . . . . . . (here insert number of this act) of the Public Acts of 1944 Extra Session. Your appearance in this action shall be substantially in the following form or in such other form as may be prescribed by order of the court.

"STATE OF MICHIGAN
"IN THE CIRCUIT COURT FOR THE
COUNTY OF ............
"IN CHANCERY

"In Re Petition to Establish and Quiet Title to Lands and Recreating Public Records Thereof Under Act ........ of the Public Acts of 1944, First Extra Session.

"APPEARANCE

"I .............. residing at ....................
      (Name)                    (Street or R.F.D.)
.................... County of ........., State
 (Village, town or city)
of ............. do hereby enter my appearance and claim an interest in or lien upon the following described property to wit: .....................
.........................................................
            ...............................
                  (Signature)
            ...............................
                  (Address)
            ...............................
            (Here type or print name and address given above)
"Subscribed and sworn to before me this.....day of ............, A. D. 19 .....
.............................................
            (Name, title and address of party administering oath including commission or term expiration)
"It is further ordered that within 10 days a copy of this order be published in the ....................
(a newspaper published in the county of ........)
such publication to be continued therein once in each week for 6 weeks in succession.
            ...............................
                  (Circuit Judge)
Countersigned:
.............................................
      Clerk of Circuit Court

proper is there provision for stating the number of
the particular act, although there is also such pro-
vision in the statutory form provided for one de-
siring to appear in the proceeding. Wholly apart
from this reference to the number of the act, the
purpose of the proceeding, the subject matter in-
volved, and the time and place of hearing are all
clearly set forth in the notice for appearance. It is
quite improbable that anyone who might have an in-
terest in such a proceeding would be misled or
otherwise prejudiced by an entire omission of the
number of the act or an inaccurate statement of the
number. Instead to a potentially interested party
the number of the act would be quite universally
inconsequential. He would be fully advised of the
nature of the proceedings by the notice wholly apart
from the recited act number. If perchance, in the
instant case, one had checked Act No 34 (instead of
Act No 52) he would have discovered that it was
entirely foreign to any proceeding "to establish and
quiet title to lands and recreating public records
thereof," and the error in stating the number of the
act would have been obvious at once. While we
deem it of no material consequence incident to our
decision herein, it may be noted that after 4 publica-
tions of the notice the error in stating the number of
the act was corrected, under order of the court, in
the last 3 publications of the notice, but there was
no posting of the corrected notice.

---

"Any and all persons appearing hereunder shall
state the address at which they can be served with
process in any proceedings under this act, and shall
file with the register of deeds of the county any
change of address, which change shall be noted by
the register of deeds on the margin of the recorded
appearance." CL 1948, § 561.3 [Stat Ann 1949 Cum
Supp § 26.878(3)].

The inaccuracy as to the number of the act was inconsequential. It was not misleading and did not result in failure of the court to acquire jurisdiction. Our conclusion in this respect is in accord with our former holdings pertaining to publication of notices incident to statutory foreclosures of real estate mortgages, which, like the proceeding in the instant case, pertains to title to lands.

In *Reading* v. *Waterman*, 46 Mich 107, a controlling issue was the regularity or validity of a statutory foreclosure. Justice CAMPBELL, in writing the opinion for the Court, said:

"The only things absolutely required in the notice of sale are—the names of the parties original or by assignment, the date of the mortgage and of its record, the amount claimed to be due, and a description *substantially* agreeing with that in the mortgage."

The opinion discloses that in the body of the notice the name of the mortgagee appeared as "Dixon," whereas the name was properly "Dickson;" that the notice was first published December 18, 1852, but it was dated 10 days later, December 28, 1852, however this error was corrected in the course of the publications; that in the notice the date of the mortgage was correctly given in one instance but incorrectly in another; and that there was some irregularity in the mortgagee's name as it was signed to the notice of sale. Notwithstanding the noted inaccuracies, after reviewing the same, the Court held the foreclosure valid, and in its opinion said: "We are, therefore, of opinion that none of the mistakes were substantial, or operated in any way to the prejudice of Waterman (the mortgagor)." It is somewhat interesting to note that the holding in the *Reading Case* was reviewed by the United States supreme court in *Bacon* v. *Northwestern Mutual Life Ins. Co.*,

131 US 258 (9 S Ct 787, 33 L ed 128), and that a headnote in the *Bacon Case* reads:

"This court concurs with the Supreme Court of the State of Michigan in holding that the misspelling of the name of the mortgagee in an advertisement for the foreclosure of the mortgage by public sale under a power of sale in the mortgage in the manner required by the statutes of the State, and other errors in that advertisement which worked no prejudice to the mortgagor—as a reference in the advertisement to the record pointed out to all persons interested the means of obtaining true information and of correcting all mistakes—were not defects sufficient to defeat a title acquired at that sale."

In *Peterson* v. *Jacobs,* 303 Mich 329, the notice of a mortgage sale by advertisement failed to mention 2 assignments of the mortgage. The statutory requirements applicable to such a sale provide: "If it (the mortgage) shall have been assigned that all the assignments thereof shall have been recorded." See CL 1948, § 692.2 *et seq.* (Stat Ann § 27.1222 *et seq.*), particularly section 2. Notwithstanding this failure to comply with the statute, the Court, after referring to several other cases wherein irregularities of a somewhat similar character occurred, held in the *Peterson Case* that there "was not such a substantial irregularity so as to vitiate the sale."

*First State Bank of Decatur* v. *Day,* 188 Mich 228, is another case involving the validity of a mortgage sale by advertisement. The notice of the sale stated it would be held Friday, August 9th. August 9th was Saturday, and the sale was held on Saturday, August 9th. The validity of the sale was upheld notwithstanding the obvious irregularity in the notice, and the Court in its opinion stated:

"A trifling mistake in the notice of sale, not of such a nature as to mislead or injure any one (which

notice was corrected during the course of publications), may be corrected in the subsequent publications of the notice, without affecting the validity of the proceedings."

In reaching our conclusion on this phase of the instant appeal, we have not overlooked the cases cited in the very fair and helpful *amici curiae* brief filed herein. The cases therein cited are to the general effect that there should be strict compliance with statutory provisions for substituted service, and "that there can be no jurisdiction without adequate notice." *Streeter* v. *McMillan,* 74 Mich 123, 128. However, in this jurisdiction, whether in a given case there has been substantial or reasonable compliance with the statutory requirements for substituted service and adequate notice, has been and should be determined in the light of reason as applied to the facts, the subject matter, and the issues of the particular case. This appears from our decisions last above cited.

(2) "Because the act in question is invalid in that it fails to provide a means of quieting title, which is its main purpose, any adjudication of rights under it remaining open to question indefinitely and never becoming final and conclusive."

We are not in accord with this conclusion of the circuit judge. He seems to have concluded that a decree granting relief to an intervening petitioner remains open to attack indefinitely, never becomes final, and therefore the provisions of the act pertaining to quieting title are ineffective. Section 7 of the act provides: "The circuit court in chancery shall have jurisdiction to determine interest or title to any parcel of land, whether the person entitled to such decree is in possession or not;" and section 8 provides: "The original or a certified copy of all decrees and orders determining interest or title to

any parcel of land shall be filed with and shall be recorded without charge by the register of deeds." We think by the above provisions the act must be considered in the same light as the ordinary chancery decree entered in a proceeding to quiet title. Nothing is contained in the act indicating a lack of ultimate finality of a decree granting relief to an intervening petitioner. For the obvious purpose of protecting any person against unjust impairment of an interest he may have in the lands involved, the act in section 5 provides:

"*Any person* having any interest in or lien upon any parcel or parcels of land covered by said bill of complaint may, within 3 years after the entering of the decree provided for in section 2 of this act, or after said 3 year period by permission of the court on cause shown, intervene in said proceedings and petition the circuit court to establish his interest therein or lien thereon, and said circuit court shall have jurisdiction to hear and determine such interest or lien and determine the interest of all claims adverse thereto." CL 1948, § 561.5 [Stat Ann 1949 Cum Supp § 26.878(5)].

Subject to the provision just above noted, and evidently for the purpose of affording ultimate finality to a decree granting relief to an intervening petitioner, section 5 of the act further provides:

"Service of the summons issued under said intervening petition shall be made personally or by registered mail on any person or persons known to have an interest in any of the parcels of land described in said intervening petition, and service as to persons unknown shall be deemed to have been made by the general publication provided for in sections 2 and 3 of this act. The intervening petition shall be sworn to by the moving party, his agent or attorney, and shall state that the affiant does not know and has been unable after diligent search and inquiry to as-

certain the names of the persons who are included as defendants therein without being named.

"All persons, other than the intervening petitioner, in actual possession of land included within the claim under any intervening petition shall be served with a copy of the summons required under this section and if personal service cannot be obtained upon such persons, then a copy of the summons shall be posted in a conspicuous place on a building used for residence purposes on such land, if any, or if there is no residence building, then on some other building thereon."

In our opinion the provisions of the act hereinbefore quoted, in connection with other provisions therein, afford ample procedural provisions to render the statutory proceeding and relief properly granted thereunder effective; and we think the trial judge was in error in concluding that the act "fails to provide a means of quieting title," or that "any adjudication of rights under it  *  *  *  [will remain] open to question indefinitely and never *  *  *  [become] final and conclusive."

(3) "Because the act under which the petition is filed is invalid in that the notice and method of service therein provided are entirely inadequate and do not meet the requirements of the State and Federal Constitutions for due process of law."

In view of what we have already written in this opinion, and for additional reasons about to be noted, we cannot concur in the conclusion of the circuit judge that this Act No 52 "is invalid in that the notice and method of service therein provided are entirely inadequate and do not meet the requirements of the State and Federal Constitutions for due process of law."

In the instant cast it is important to note that by the decree in the primary or principal proceeding no one is deprived of property rights. Relative to

what constitutes due process, the United States supreme court in *Mullane* v. *Central Hanover Bank & Trust Co.* (1950), 339 US 306, 314 (70 S Ct 652, 94 L ed 865), said:

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. (Citing cases.) The notice must be of such nature as reasonably to convey the required information, (citing case) and it must afford a reasonable time for those interested to make their appearance. (Citing cases.) But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met, the constitutional requirements are satisfied. 'The criterion is not the possibility of conceivable injury but the just and reasonable character of the requirements, having reference to the subject with which the statute deals.' (Citing cases.)"

One of the headnotes in the *Mullane Case* reads:

"The statutory notice by publication is sufficient as to any beneficiaries (in a trust) whose interests or addresses are unknown to the trustee, since there are no other means of giving them notice which are both practicable and more effective."

In our judgment the procedural requisites in Act No 52 as to "the notice and method of service" comply with Federal and State constitutional provisions as to due process. As bearing upon this phase of the instant case, see 34 Am Jur, Lost Papers & Records—Statutory Provisions, § 28, and Judicial Proceedings and Relief, § 29, pages 603, 604; *American Land Co.* v. *Zeiss,* 219 US 47 (31 S Ct 200, 55 L ed 82); *Bertrand* v. *Taylor,* 87 Ill 235.

The remaining matter presented on this appeal is whether the intervening petitioners, Fred B. Hill and James Mathewson, submitted to the trial court sufficient proof to entitle them to a decree granting the relief sought. Since the circuit judge decided the case on other grounds, he did not pass upon this issue. However we hear the case *de novo,* and, hence, may pass upon the sufficiency of the evidence as included in the record now before us. There was no objection incident to this phase of petitioners' proceedings. We have considered the evidence submitted and find that it clearly entitles the intervening petitioners to be decreed the owners in common of the lands described in their petition.

A decree may be taken in this Court in accord with the foregoing opinion in which decree it may be provided that as against the reasons presented on this appeal PA 1944 (1st Ex Sess), No 52, is constitutional, and that the proceedings taken under the act in the instant case were in substantial compliance with the statute and vested jurisdiction in the circuit court to hear and determine intervening petitioners' rights; and further, that the intervening petitioners are the owners in common of fee title to the lands described in their petition, and that a certified copy of the decree to be entered herein may be filed and recorded, as provided in section 8 of the act, in the office of the register of deeds in Montmorency county, thereby recreating record title to said lands. The case being one primarily of public concern, no costs are awarded.

REID, C. J., and BOYLES, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.