WILLIAM H. JENSEN AND WIFE, MARGARET JENSEN, AS
JOINT TENANTS WITH THE RIGHT OF SURVIVORSHIP, PLAINTIFFS
AND APPELLANTS, *v.* GLEN FRANKLIN AND WIFE, LILLIAN
FRANKLIN, DEFENDANTS AND RESPONDENTS.

No. 9820.
Submitted April 20, 1959. Decided June 9, 1959.
340 Pac. (2d) 832.

DeKalb, Dockery & Mondale, James C. Wilkins, Jr., Lewistown, for appellant. H. Leonard DeKalb, Lewistown, and James C. Wilkins, Jr., argued orally.

McKenna & Ronish, Lewistown, for respondent. James E. McKenna and Donald E. Ronish, Lewistown, argued orally.

MR. JUSTICE ANGSTMAN:

Plaintiffs appeal from a judgment entered partially in their favor in a suit on a promissory note in the sum of $10,000 secured by a mortgage on defendants' land.

Plaintiffs alleged that at the time of suit there was $4,000 due on the note, together with interest thereon, from October 1, 1953, at the rate of five percent per annum together with costs of abstract of title amounting to $118 with interest, premiums paid on insurance on the mortgaged property amounting to $82 with interest, attorney's fees in the sum of $750, costs and delinquent taxes. The delinquent taxes were paid after commencement of this action and recovery of that item is not now sought.

Defendants Franklin filed an answer containing admissions, denials and two affirmative defenses. They admit the making of the note and mortgage; they deny the amount alleged to be due in the complaint, and allege that the only amount due and unpaid is the sum of $945.51 together with interest at the rate of five percent per annum from October 5, 1953, which amount they allege in the answer they "herewith tender and agree to pay as the full balance now due and owing upon said promissory note."

Defendants denied that plaintiffs paid any insurance premiums as required by the mortgage; admitted that plaintiffs advanced and paid the sum of $118 for an abstract of title; and denied that $750 was a reasonable attorney's fee.

According to plaintiffs' method of computation there was due to them on September 26, 1949, the sum of $10,000 for which the note in question here was given, whereas, according to defendants' method of computation there was in fact due to plaintiffs from defendants on September 26, 1949, only the sum of $8,690.45.

In their first affirmative defense defendants allege in sub-

stance that on the 1st day of March, 1949, defendants borrowed from plaintiffs the sum of $19,000 but gave a note in the sum of $20,000; that defendants never received the other $1,000; that payments thereafter made on the note reduced it to the sum of $8,690.45 as of September 26, 1949; that on or about that time plaintiffs demanded a renewal note and mortgage; that plaintiffs intentionally, falsely and fraudulently claimed and represented to defendants that there was still due and unpaid on the original note the sum of $10,000 when in truth and in fact only $8,690.45 was due thereon; that defendants believing that all payments made by them had been correctly applied on the indebtedness and believing the false and fraudulent statements and representations of the plaintiffs as to the amount still due, defendants made the renewal note in the sum of $10,000.

Defendants as a second affirmative defense alleged that the claim of plaintiffs represented by the note had been fully paid and satisfied except as to the sum of $945.51, plus interest at the rate of five percent per annum from October 5, 1953, to the date of filing the answer, plus $118 for the abstract of title with interest thereon at ten percent per annum from April 19, 1954, to the date of filing the answer.

In their prayer, they offered to allow to plaintiffs a judgment for $945.51 plus interest, from October 5, 1953, together with $118 and interest from April 19, 1954.

Plaintiffs filed a motion to strike from the answer:

(1) The entire first Further Separate and Affirmative Defense, on the ground the same is irrelevant, sham and incompetent to constitute a defense; and

(2) The entire second Separate and Further Defense, on the ground that it is redundant, irrelevant and incompetent to constitute a defense.

Under R.C.M. 1947, section 93-3401, it is proper for the answer to embody admissions and denials, and new matter constituting a defense or counter-claim. The purpose of section 93-3401 is to prevent a multiplicity of suits involving the

same parties and the same transactions. Scott v. Waggoner, 48 Mont. 536, 543, 139 Pac. 454, L.R.A. 1916C, 491.

The first affirmative defense alleged the payment of certain amounts as principal and interest; that plaintiffs misrepresented to defendants the balance due as $10,000, in which amount defendants executed a renewal note on September 26, 1949, when in truth and in fact the amount should have been only $8,690.45 or $1,309.55 less; that the correct amount due on October 5, 1953, was $945.51, with interest thereon at five percent from October 5, 1953, which amount was tendered.

This defense in substance alleges a partial failure of consideration, which under section 55-305, R.C.M. 1947, is a defense *pro tanto*. Sommer v. Wigen, 103 Mont. 327, 62 Pac. (2d) 333. It was alleged that there was a partial failure of consideration in the amount of $1,309.55. The essential elements of fraud and partial failure of consideration are pleaded as one defense.

Volume 1, Bancroft's Code Pleading, section 288, page 450, states:

"One who would assert failure or partial failure of consideration for a contract in writing must allege such failure or he will not be permitted to present evidence upon that point. He must plead facts showing such failure as a mere averment that the consideration failed is a statement of a conclusion of law."

In Stagg v. Stagg, 96 Mont. 573, 32 Pac. (2d) 856, 860, this court said:

"To state a case of fraud, a pleading must allege facts embodying the following essential elements: (1) That the plaintiff (in this instance) made a material representation or statement intending that defendant should act upon it; (2) that the representation was false; (3) that defendant believed it; and (4) that he acted upon it to his damage."

The defendants adequately pleaded the essential elements of fraud and partial failure of consideration in respect to the fact that defendants never received $1,000 of the loan, and this fact was admitted by plaintiffs during the trial.

As to part two of the motion to strike, defendants alleged ▮ payment of the note in full except as to the sum of $945.51, plus interest at five percent per annum from October 5, 1953, to date of filing answer, and $118 for abstract of title and interest at ten percent thereon from April 19, 1954. "Payment" is new matter constituting a defense and must be pleaded. Davis v. Sullivan Gold Mining Co., 103 Mont. 452, 460, 62 Pac. (2d) 1292. It was not error to refuse to strike this defense.

The court found in favor of palintiffs and entered judgment in their favor in the sum of $3,744.77 and taxed costs of $39.55 against defendants.

The court found:

(1) That defendant received only the sum of $19,000 on the $20,000 original note; that on July 20, 1949, and September 26, 1949, the defendants paid interest in full to September 26, 1949, together with the sum of $6,988.34 on the $19,000 principal leaving a balance of $9,010.31 due as of that date;

(2) That the renewal note of September 26, 1949, was in the sum of $10,000 when the actual sum due was $9,010.31;

(3) That between September 26, 1949, and October 5, 1953, defendants paid interest in full to October 5, 1953, together with $6,222.90 on the $9,010.31, leaving a balance due of $2,-787.41 on October 5, 1953;

(4) That defendants, in open court, offered to pay as of September 5, 1956, the sum of $2,787.41 as the amount due on the note and mortgage as of October 5, 1953, and interest of $406.50, being a total of $3,193.91, but plaintiffs refused payment;

(5) That on July 16, 1954, defendants in their answer offered in writing to pay $118 for continuation of abstract of title and interest of $2.86 or a total of $120.86; and

(6) That plaintiffs were not entitled to charge the insurance premiums paid in the sum of $223.66; attorney's fees were fixed in the sum of $430.

As a conclusion of law, the court found that by defendants' tender and offer to pay the total amount due in the sum of

$3,744.77 and plaintiffs' refusal of the amount, there was a release of the mortgage lien. It awarded judgment to plaintiffs in the sum of $3,744.77. Plaintiffs appealed from the judgment.

Plaintiffs contend that the court erred in finding and concluding that the mortgage lien was released by the tender and offer of payment made by defendants. Defendants rely on section 58-427, R.C.M. 1947, as construed in Hamilton v. Hamilton, 51 Mont. 509, 154 Pac. 717, as sustaining the action of the trial court in holding that the mortgage was released by the tender. Section 58-427, provides:

"An offer of payment or other performance, duly made, though the title to the thing offered be not transferred to the creditor, stops the running of interest on the obligation, and has the same effect upon all incidents as a performance thereof."

There is dictum in the Hamilton case that supports the conclusion of the trial court. It should be noted however that the Hamilton case differs from this in that in that case there was no dispute as to the amount due, and as to the amount tendered being sufficient to cover all that was due.

Here, there was and is a bona fide dispute between the parties as to whether there was a partial failure of consideration because of the item of $1,000 which defendants never received. It was defendants' view, supported by their testimony, that the $1,000 was to represent a drawing account which defendants never used. Plaintiff, William Jensen, testified in substance, that it represented his share of the profits derived from the purchase of certain machinery at a greatly reduced rate by reason of the payment of cash which plaintiffs furnished. That was an issue to be tried by the trier of the facts. A tender which did not embrace that disputed item ought not to bar plaintiffs of their right to hold the mortgage security until it was determined. Such is the holding of the courts.

Thus in the note in 93 A.L.R. 72, it is said: "It is obvious, of course, that a mortgage lien is not discharged by a tender of less than the full amount due on the mortgage." The following cases are there cited in support of the statement. First State

Bank of Decatur v. Day, 188 Mich. 228, 154 N.W. 101; Graham v. Linden, 50 N.Y. 547; Mahoney c. McCollum, 146 Misc. 790, 263 N.Y.S. 628.

Likewise, here the tender did not include the attorney's fee ██ of $430. Failure to include such fee in the tender rendered the tender ineffective to discharge the mortgage lien. See cases listed in the note in 93 A.L.R. 73. It follows that since the mortgage lien was not released the obligation secured by it continues to draw interest.

But defendants, in reliance on section 93-2201-3, contend that all objections to the tender must be deemed waived. This section reads:

"The person to whom a tender is made must, at the time, specify any objection he may have to the money, instrument, or property, or he must be deemed to have waived it; and if the objections be to the amount of money, the terms of the instrument, or the amount or kind of property, he must specify the amount, terms, or kind which he requires, or be precluded from objecting afterward."

Here defendants already knew that plaintiffs would not accept ██ the lesser amount; that was what was involved in the lawsuit; and that was all that was involved in it. It would be a shocking result to hold that plaintiffs, by rejecting a tender of the lesser amount, had lost the right to hold their mortgage lien until their right to the greater amount was litigated. There was no waiver of the objection as to the adequacy of the tender in amount, where, as here, the defendants knew of plaintiffs' contention since the purpose of the lawsuit was to establish the greater amount.

Plaintiffs contend that the execution of the note for $10,000 cut off all defenses under the original note. They rely on the well-settled rule stated in the note in 35 A.L.R. 1277, and 72 A.L.R. 607. This rule does not apply to a case such as this where there was fraud and partial failure of consideration and where as here there is involved no holder in due course, but the defense is set up against the original party to the note. The

applicable rule is stated in section 55-305, R.C.M. 1947, as follows:

"Absence or failure of consideration is a matter of defense as against any person not a holder in due course; and partial failure of consideration is a defense pro tanto, whether the failure is an ascertained and liquidated amount, or otherwise."

In 10 C.J.S. Bills and Notes, section 278, page 766, it is said:

"As between the original parties to a note and transferees who are not holders in due course, a renewal note is open to all the defenses good against the original note, in the absence of a new consideration, waiver or estoppel. For example, under such circumstances the renewal note is open to such defenses as mutual mistake, at least where it was not discovered until after the execution of the renewal note, want or failure of consideration, fraud, usury, forgery, gambling debts, or other illegality, where such defense is available against the original note."

Contention is also made by plaintiffs that because of section 93-401-13, R.C.M. 1947, and section 13-907, as interpreted and applied in Bauer v. Monroe, 117 Mont. 306, 158 Pac. (2d) 485, defendants are precluded from showing that the contract was different from what the writing shows it to be.

This contention overlooks the element of fraud and partial failure of consideration, and the fact as testified to by defendant, Glen Franklin, that he did not know how to figure interest.

The only other question presented is whether the court erred in ruling that the contract did not provide that the mortgagee might advance insurance premiums and have it charged against defendants.

We hold that the court did err in this respect. The mortgage contained a clause reading in part as follows:

"It is agreed that if the Mortgagors * * * shall fail to pay the principal or any interest as the same becomes due; or any taxes or assessments or insurance as required * * * then all of said debt secured hereby shall become due and collectible * * * and this mortgage may be foreclosed for the

full .amount, together with costs, taxes, insurance * * * and any and all other sums advanced or expense incurred on account of the said Mortgagors for whatsoever purpose, and any and all advances shall .draw. interest at the rate of ten percent per annum."

Reasonable interpretation of this contract entitled plaintiffs to repayment of premiums paid for insurance.

The judgment is ordered modified in accordance with the views herein stated. Appellants will recover two-thirds of their costs. on appeal.

MR. CHIEF JUSTICE HARRISON, and MR. JUSTICES BOTTOMLY, ADAIR and CASTLES, concur.